No. 66.—MARY E. MERCER, administratrix of William Mercer, deceased, plaintiff in error, vs. ADDISON MERCER, defendant.

[1.] Assumpsit for use and occupation lies generally upon contract, express or implied. A contract will be enforced upon proof of tit·e in the plaintiff and occupation by defendant, but will not be enforced from proof of defendant's occupation, and that plaintiff had previously claimed, occupied and exercised acts of ownership over it.

Assumpsit, &c. for use and occupation, in Sumpter Superior Court. Tried before Judge WARNER. February Term, 1852.

Mary E. Mercer, as the administratrix of William Mercer, brought suit against Addison Mercer, for the use and occupation of a lot of land. On the trial, plaintiff below proved that William Mercer occupied and claimed the land for several years before his death, and that defendant below occupied and cultivated the land the year after the death of William Mercer, and closed his case. The defendant below moved for a nonsuit; which the Court refused to grant. This decision is assigned as error.

SULLIVAN, for plaintiff in error, proceeded, ex parte, there being no appearance for defendant.

By the Court.—NISBET, J. delivering the opinion.

[1.] Assumpsit for use and occupation lies generally upon a contract, either express or implied. A contract may be implied from the title of the plaintiff, and the occupation of the defendant. These being proven, a contract will be inferred. *Chitty on Contracts*, 373. 5 *B. and Ald.* 322. 3 *N. and P.* 40. 6 *Ad. and El.* 854, *S. C.*

The plaintiff proved that his intestate claimed the land before his death; was in possession, and exercised acts of ownership

over it; and that defendant held possession the year after his death. This was all the evidence before the Court, when plaintiff closed, and defendant moved a non-suit. It was not a case for a recovery in *assumpsit*, for use and occupation. No express contract for rent was proven, and none could be implied from the testimony. Had the plaintiff gone farther, and shown title to the premises, the case would have been different. The non-suit ought to have been awarded.

Let the judgment be reversed.