## JACKSON & BROTHERS *vs.* MOWRY.

If A owns land that is in the occupancy of B, the law will imply a liability on the part of B to pay rent for the land; but no such presumption can arise where B expressly disclaims holding possession under A.

Action for Rent, etc., in Fulton Superior Court. Tried before Judge BULL, at October Term, 1859.

This was an action by S. and L. Mowry against Jackson & Brothers for the rent of a store house in the city of Atlanta, from 1st June, 1858, to 1st October, 1858. There was also a count for use and occupation.

Upon the trial, plaintiff proved that J. T. Doane executed to them a mortgage of the premises 7th August, 1855; that said mortgage was afterwards forclosed and sold by the sheriff under and by virtue of the mortgage *fi. fa.*, on 1st Tuesday in June, 1858, when plaintiff became the purchasers. They then proved that defendants were in possession of the premises at the time of the sale by the sheriff, and had been in possession since 1st January, 1858, as tenants of John A. Doane, and that they remained in possession till 1st October, 1858, and that the rent was worth $400 per annum. Plaintiff next proved that, after the sale to them, they gave notice in writing to defendants of their purchase, and that they would hold them liable for the rent; that *John A. Doane* took possession of the premises in *January*, 1856.

It further appeared that John A. Doane, at the sale by the sheriff, handed to him a claim to said premises, under

and by virtue of a lease from J. T. Doane, extending from 1st January, 1855, to 1st January, 1860, said lease dated 16th day of December, 1854, and gave notice to bystanders that he held said lease; that the premises were sold either subject to this claim or in defiance of it. The sheriff did not recollect which. That John A. Doane did not go into possession under said lease till about January, 1856, and that he subsequently sub-let a portion of the premises to Jackson & Brother, the defendants, from 1st January, 1858, to 1st October, 1858, for three hundred dollars. Defendants offered in evidence the lease from John A. Doane to them, dated 16th Dec., 1857, to the introduction of which plaintiffs objected, on the ground that there was no proof of of its delivery, or that it was executed at the time it purports to bear date. The Court sustained the objection, and excluded the paper, and counsel for defendants excepted.

Defendants then proved that they went into possession of the premises in December, 1857, and remained in possession till 1st October, 1858, under John A. Doane; that John A. Doane built a kitchen and barn on the lot, and repaired the store after the fire in April, 1857; that J. T. Doane was solvent in December, 1854, and remained so till the last of 1855, when he failed; J. T. Doane occupied the store till the last of the year 1855, but removed his family off the lot in May, 1855; and proved that others also rented portions of the premises of *John A. Doane*, after 1855, and paid him for them, and again tendered their lease in evidence, which the Court again repelled, and defendants excepted.

Defendants then proved the handwriting of Thomas C. Jackson, one of the firm of Jackson & Brother, and that the signature to the lease was in his handwriting, and again offered it in evidence, which the Court again repelled on the ground that there was no proof it had ever been delivered, or that it was made at the time it purported to be, and counsel for defendants execcpted.

Plaintiffs proved, that in 1855, J. T. Doane, in a conversation with their attorney, said that there were no liens or incumbrances on his property other than plaintiff's mortgage. Defendants objected to proof of the sayings of J. T. Doane. The Court overruled the objection and admitted the proof— he being in possession at the time—and defendants excepted.

Counsel for defendants requested the Court to charge the

jury, that if plaintiffs knew, at the time their mortgage was taken, of the lease from J. T. Doane to John A. Doane, then they were estopped from objecting to it, and they ought to find for defendants—which charge the Court refused, but charged that if the lease was *bona fide*, plaintiffs could not recover.

Counsel for defendants further requested the Court to charge, that if the jury were satisfied, from the evidence, that the sheriff sold the premises subject to said lease, and notice thereof was given, then plaintiffs could not recover. The Court refused so to charge, but charged, that the main issue was, whether the lease was fraudulent or not; and if it was, plaintiffs were entitled to recover, whether the property was sold subject to it or not; and counsel for defendants excepted.

Counsel for defendants further requested the Court to charge, that if the lease was prior to the mortgage, if John T. Doane was in possession on the 16th December, 1857, and then rented to defendants till 1st October, 1858, for $300 00, who had no notice of any fraud, then they were not liable—which charge the Court declined or omitted to give, and defendants excepted.

Counsel for the defendants further requested the Court to charge, that an action for use and occupation could not be maintained, if defendants held adversely to plaintiffs, which charge the Court refused to give, but held and charged that that principal of law did not apply in this case, as defendants set up no claim of title, but only a claim under a contract of rent, and defendants excepted.

The Court further charged the jury, that the issue was not between plaintiffs and defendants, but between plaintiffs and John A. Doane, as to who were entitled to the rent, and if the lease was executed in secret, that was a badge of fraud, and if suits were pending against J. T. Doane, at the time, or he was insolvent, these were badges of fraud.

To which charge counsel for defendants excepted.


J. M. and W. L. CALHOUN, for the plaintiffs in error.


HAYGOOD, COOPER, *contra.*

*By the Court.*—LUMPKIN, J., delivering the opinion.

The action for use and occupation will not lie in this case.

It is argued, that in order to maintain this action, two things only are necessary to be proven, to-wit: Title in the plaintiff and possession by defendant. And while it is true that a contract to pay rent may be implied from these data, yet, if it shall affirmatively appear, as it does in this case, that the tenant disclaims holding under the plaintiffs, no such presumption can arise.

It would be absurd to imply that A agrees to pay B rent for the land he lives on, when A most stoutly denies it is B's land. And such, we understand, is the well-settled doctrine of the books upon this subject; and in conformity thereto have been the rulings of this Court.