JOHN W. CLARK, plaintiff in error, vs. BENEDICT H. GREEN, defendant in error.

A contract for use and occupation will be enforced upon proof of title in the plaintiff and occupation by defendant.

Complaint.   In Jones Superior Court.   Tried before Judge A. REESE.   October Term, 1866.

This action was by the defendant in error against the plaintiff in error, for the rent of 440 acres of land, known as the "Mills place," for the years 1856, 1857 and 1858, at $200.00 per annum.

The plaintiff below introduced in evidence a deed made to himself by the Sheriff of Jones county, for 440 acres of land, situate in said county, sold as the property of John W. Clark, to satisfy a fi. fa. against him in favor of Green A. Clower; and proved by the Deputy Sheriff that he, the Deputy, made said sale.

He introduced *James S. Renfroe,* who testified that he heard the plaintiff say that Clark was to redeem the land which he bid off for Clark.   Clark remained in possession of the land and occupied it about two years, as well as witness could recollect.   He left it in December, 1858.   He might have occupied it longer than two years.   Witness did not remember distinctly the length of time.   The rent was worth from $75.00 to $100.00, per annum.   It was said to contain 440 acres, but witness thought there were about 400 —much of it poor and worn out.

It was admitted that *N. S. Glover* would prove, if present, that the rent was worth not exceeding $100.00 per annum.

The Court, after charging the jury that the relation of landlord and tenant is necessary to sustain the action for use and occupation, that an entry under agreement or contract for purchase is inconsistent with this relation, and that if the defendant held the premises under a contract of sale, the plaintiff was not entitled to recover, charged further as set out in the motion for a new trial.

The jury found in favor of the plaintiff $225.00, with cost of suit.

Whereupon the defendant moved for a new trial:

1. Because the Court erred in charging the jury, "That if they should believe from the evidence that Clark went into the possession of the land as Green's land, and not as his own under a contract of purchase, then, the relation of landlord and tenant exists, and he is liable for what you may believe the use and occupation of the land to have been worth; and in arriving at a conclusion on this subject, you may look at the voluntary abandonment of the premises after the lapse of two or three years, by Clark, as going to show the intention and understanding between the parties," there being no evidence to call for or warrant said charge.

2. (According to the Bill of Exceptions, but this ground is not in the motion itself as sent up in the record.) Because the verdict was contrary to law and contrary to evidence.

3. For misconduct in one of the jurors. (*Abandoned in the Supreme Court.*)

The Court refused a new trial, and error is assigned.

CABINESS & PEEPLES, for plaintiff in error.

HARDEMAN and POE, for defendant.

WALKER, J.

Proof that the title to land is in the plaintiff, and

that defendant occupied it under a contract, express or implied, is sufficient to sustain a verdict for use and occupation. *Mercer vs. Mercer*, 12 *Ga. R.* 421. This rule is admitted by counsel for defendant, (plaintiff in error,) but he endeavors to take his case out of the rule, by showing a purchase of the land from plaintiff by defendant; and thus make the principle of the case of *Barnes vs. Shinholster*, 14 *Ga. R.* 131, apply to this case. He relies on the testimony of James S. Renfroe to sustain his position. The title of the plaintiff, and the occupation by defendant, are clearly proved. Renfroe then swears " that he heard Green, the plaintiff, say that Clark was to redeem the land which he bid off for Clark." Does this prove a contract of bargain and sale? We think not. Did *Clark* ever agree to redeem the land; did he ever pay, or promise to pay, or offer to pay? The evidence does not show that he did. It would seem, from what the plaintiff said, that he intended for defendant to have an opportunity to re-purchase the land, or " to redeem it," in the language of the witness; but there is no evidence that defendant ever promised to do so, and for aught that appears in the record, he did not wish to do so. Never having paid, or promised to pay, anything for the land, is it right that he should occupy it for nothing? We think that, having used the plaintiff's land, it is but right that he should pay for such use. The jury assessed the amount, and, with the Court below, we are satisfied with their finding.

Judgment affirmed.