R. W. RICHARDSON *et al.*, plaintiffs in error, *vs.* R. D. HARVEY, administrator of WILLIAM H. YONELL, deceased, defendant in error.

Where there is a contract for the rent of land reduced to writing, by which the party renting stipulates that he will deliver the possession of the rented premises to the party from whom he rented the same, by the 25th day of December next after the date of the contract, the relation of landlord and tenant exists between the parties, and neither the tenant nor those claiming under the tenant can deny or dispute the title of the landlord, without first surrendering the possession of the rented premises to the landlord according to the terms of the contract.

Where a tenant holds possession of the rented premises beyond the term for which the same were rented, the jury, upon the trial of an issue formed under the provisions of the Code, may find a verdict for double the rent stipulated to be paid ; or if he be a tenant at will or sufferance, then for double the rent the premises are shown by the evidence to be worth.

Where the proceedings are to eject the sub-tenants holding under the party renting the land, as provided by the Code, it is discretionary with the Court to allow the party making the contract for rent to be made a party to the suit, or to require him to defend in the name o f his sub-tenants, which discretion this Court will not control, unless some good and valid reason be shown why it should do so, which does not appear from the record in this case.

A motion to continue a cause upon the bare statement that a party is desirous to file a bill in equity to enjoin the same, will not be allowed, especially when there has been a want of diligence, unless some good reason be assigned why the bill could not be filed before the session of the Court.

Proceeding against tenant. Tried before Judge UNDER-WOOD. Floyd Superior Court. September (adjourned) Term, 1867.

L. W. Dean sold and conveyed to Yonell the land herein-

after mentioned. Subsequently, to-wit, on the 17th of January, 1868, said Dean and Harvey as administrator of Yonell, agreed that Dean should continue to occupy said premises until the 25th of December then next, and then deliver the same to said administrator in good repair, etc., and in consideration thereof, Dean agreed to pay said administrator a part of the crop, release all his claims against Yonell's estate, except a balance of a promissory note which he held against Yonell, and to offer no obstacles to prevent the administrator from getting the full value for said premises at his intended sale of the same. This contract was reduced to writing and signed by said Dean and the administrator.

Dean put Robert W. Richardson and Eliza Dean in possession of the premises and left them therein. In June, 1868, Harvey, administrator, sued out his warrant against Richardson and Eliza Dean, averring in his affidavit that they were sub-tenants under L. W. Dean, and were holding over after the term had transpired. Richardson and Eliza Dean made a counter-affidavit, averring that they did not hold the premises by lease or rent, or at will or sufferance, or otherwise from Yonell or his said administrator, or from any one under whom said Yonell or Harvey claims the lands, or from any one claiming them under Yonell or his said administrator. They gave bond according to law, and the sheriff returned the papers to the Superior Court.

When the case came on for trial, counsel for the defendants presented a written petition by L. W. Dean, averring that he was the true owner of said premises and defendant's lessor and the real party in interest, and asked that L. W. Dean might be made a party defendant in said case. The Court refused to make him a party.

Defendant's attorneys then moved to continue the case, till the next term, to give them time to file a bill to enjoin this case, upon the ground that their lessor, said L. W. Dean, had, before the commencement of these proceedings, filed a bill in the District Court of the United States for the Northern District of Georgia, for the purpose of setting aside and cancelling the pretended deed (by Dean to Yonell for the

16

premises in dispute,) because the consideration therefor was Confederate States treasury notes, an illegal currency, and to set aside said rent contract, because it was procured by fraud, and was without consideration, and founded upon a mistake of both parties. They further stated that the administrator had notice of this proceeding, and that though said bill had been demurred to in said District Court, and therefrom dismissed, yet steps had been taken and instructions given to take the same to the Supreme Court of the United States. The Court refused the continuance. The case proceeded.

Plaintiff's attorneys read said affidavits, the bond and return of the sheriff. They then introduced said plaintiff, who proved the execution of said rent contract, and it was read in evidence. Plaintiff then testified that the deed from L. W. Dean to Wm. H. Yonell, for said premises, was founded entirely upon the consideration of Confederate money, that the rent contract was made upon the supposition, by both parties to it, that the deed was valid and binding, that plaintiff, before the rent contract was made, told L. W. Dean, not to rely on his, plaintiff's, opinion, but to consult counsel, and Dean took several weeks to consult counsel before he executed said rent contract; that there had been, until recently, a suit, by L. W. Dean, against him, pending in the District Court of the United States for the Northern District of Georgia, in which suit were involved the rights and titles of the premises in dispute, and that said suit had had been dismissed on demurrer.

He further testified that L. W. Dean was in possession of said premises before and at the date of said rent contract, and from that time, if not before, held the same as plaintiff's tenant, that the rent of the land occupied by Richardson and Eliza Dean was worth $150.00 or $200.00; that they occupied the residence and cultivated about half of the cleared land described in said rent contract; that Richardson, about the time he went to the place, endeavored to make an arrangement with plaintiff to allow him, Richardson, to cultivate the land and pay rent either to plaintiff or L. W. Dean, as the one or the other might be adjudged to be the

owner of the premises, in the case then pending; plaintiff refused to agree thereto; Richardson then refused to attorn to plaintiff, saying L. W. Dean got him to go on the place.

Plaintiff further testified that Richardson and Eliza Dean were left in possession of the premises by L. W. Dean, as his tenants, in the fall of 1866, when L. W. Dean left for Alabama, where he has since and does yet reside, and they continued to hold under L. W. Dean; they were notified by plaintiff that they must attorn to him or leave the premises; they refused to recognize plaintiff as their landlord, and he sued out said warrant to get possession. Here the plaintiff closed.

E. W. BRYOLES, testifying for the defendant, described the nature of said bill in the United States District Court, substantially as aforesaid, and that steps were being taken to have the judgment of the Judge of said Court, dismissing the bill on demurrer, reviewed by the Supreme Court of the United States, at its December Term, 1867, and that injunction was prayed for by said bill to restrain plaintiff from turning said defendants out of said premises. The injunction was refused on the first Monday in July, 1867, and no writ of error, therefor had been sued out; plaintiff had notice of said bill before he commenced this proceeding.

The Court charged the jury that the tenant is not allowed to dispute his landlord's title, that neither L. W. Dean, nor the defendants holding under him, could dispute plaintiff's title to the land in dispute, and that if they believed, from the evidence, that L. W. Dean rented the land from plaintiff for the year 1866, and that defendants went into possession under L. W. Dean, and hold, as his tenants, plaintiff was entitled to recover the premises in dispute, and double rent for the time they have held over since L. W. Dean's term expired; and this, although L. W. Dean and defendants claimed that plaintiff's title was not valid.

He was requested by defendant's attorneys to charge:

1. "That the deed made by L. W. Dean to William H. Yonell for said land, the consideration being Confederate

money, was void, and that the rent contract, made upon the supposition that said deed was valid, is not binding."

2. "If L. W. Dean was in possession of the land in dispute at the time and before making the rent contract, after the expiration of said rent contract, to-wit: On the 25th of December, 1866, neither L. W. Dean nor defendants holding under him were estopped from denying and disproving plaintiff's title."

3. "That the pendency of the suit by bill in the United States District Court, at and before the commencement of these proceedings, involving the rights and title of the land in dispute, was an abatement or bar to this proceeding."

4. "That plaintiff could not recover rent of defendants except upon express or implied contract to pay rent, and that the law would not imply a contract to pay rent, if the defendants or Dean under whom they claimed had set up a claim of their own to the land, and refused to acknowledge plaintiff as their landlord, upon the ground that plaintiff had no title and no right to the land."

The Court refused so to charge.

The verdict was for the plaintiff for the premises in dispute and $300.00 for double rent for 1867.

Defendant's attorneys moved for a new trial upon the grounds that the Court erred in refusing to make L. W. Dean a party in the case; in refusing the continuance for the purpose stated; in failing to charge as requested, and in charging as he did, and because the verdict was contrary to law, against the evidence, etc; and further, because the jury found, and intended to find, double rent for the whole of 1867, the verdict being rendered on the 26th September 1867.

The Court refused a new trial, and this refusal is assigned as error.

Wright & Broyles, attorneys for plaintiffs in error, contended that the continuance should have been granted, citing R. M. Charlton's R. 355; that Dean, etc., could dispute Harvey's title *after* 25th December, 1866, as neither acquired the possession by the rent contract with Harvey for 1866, citing new Code 3676, Smith's L. and Ten. 117; Coke's Litt. 476, 1

Gr. Ev. 25,207; 20th Ga. R. 600 (9;) Arch's L. and Tenn. 77,220; 7th Peters 592, 2 Sm. Lead. Cases 556 to 559; 30th N. Y. R. 519, 9th do. 250; that the pending suit in the U. S. Dist. Court, abates this suit, citing Code sec. 3407; that there was no contract, express or implied, to pay rent shown by the record, citing Jackson & Bros. vs. Mowry 30th Ga.,R. 143. 31st Ga., R. 583; 3d Comstock's R. 286.  McFarland vs. Watson, 1st Wend. R. 134; and that the verdict was too large, citing new Code, sec. 2267.

R. D. HARVEY, attorney for defendant in error, furnished no brief to the Reporter.

WARNER, C. J.

The error assigned in this case, was the refusal of the Court below, to grant a new trial upon the several grounds stated in the record.   First; That the Court did not grant a continuance of the case, to enable the defendant to file a bill for an injunction.   The continuance of the case for the reason stated, was properly refused by the Court below, under the 9th equity rule of Practice 2d Kelly's Rep. 483.   The discretion of the Court in refusing the continuance, was properly exercised in this case upon the showing made therefor.   Second. Because the Court refused to allow Dean to be made a party to the proceeding before the Court.   The defendants were the sub-tenants of Dean, holding possession of the premises under him, and he could as well defend in their names, as his own; and it was entirely discretionary with the Court whether he should be made a *formal* party to the proceeding, or defend in the name of his sub-tenants—he was not deprived of any legal right, by the refusal of the Court to allow him to be made a party.

The relation of landlord and tenant existed between Harvey, the administrator, and Dean, as well as those holding the possession of the premises under Dean, and neither Dean nor those claiming the possession under him, could deny or dispute the title of their landlord, without first surrendering the possession of the rented premises to their landlord, according

to the terms of the contract—2253 and 2257 sections, Revised Code.

If a tenant holds over after his term expires, the landlord may recover double rent for such time. Revised Code, section 2259. And in proceedings against tenants like the one now before us, if the issue shall be determined against the tenant, judgment shall go against him for double the rent reserved, or stipulated to be paid ; or if he be a tenant at will or sufferance, then for double what the rent of the premises are shown to be worth. Revised Code, section 4009.

Upon a careful review of the facts of this case, as well as of the errors assigned to the rulings of the Court below, and the refusal to charge the jury as requested, we find no error in this record, to authorize a reversal of the judgment of th Court below in refusing a new trial. Let the judgment of the Court below be affirmed.