LATHROP *v.* THE STANDARD OIL COMPANY.

An action for rent, or for use and occupation, will not lie where there
   is no contract ·elation, or relation of landlord and tenant. Nego-
   tiations between the parties which have no result, do not amount
   to a recognition of one as landlord, under whom the entry was not
   made, and against whom the right of occupation is claimed ad-
   versely.
July 8, 1889.

Actions. Contracts. Landlord and tenant. Before
Judge KIBBEE. Pulaski county. At chambers, Decem-
ber 24, 1888.

Lathrop brought his action in the county court of
Pulaski county against the Standard Oil Company for
$36.00 and interest, on account as per bill of particulars
annexed, "for rent of oil warehouse in Hawkinsville,
Ga., from January 1st, 1887, to July 1st, 1888, 18 months,
at $2.00 per month." The declaration also contained
a count for $36.00 interest, for use and occupation of
the same premises from January 1st, 1887, to July 1st,
1888. The evidence introduced at the trial tended to
show as follows: Plaintiff was the owner, under a
chain of deeds, of the Planters' warehouse property,
which was located upon a tract of land which had been

originally granted to those under whom plaintiff holds, by one Horne, in an instrument dated August 22d, 1870, which conveyed "the right and privilege to build upon the right of way heretofore granted by me to the Macon & Brunswick Railroad Co. a warehouse, said warehouse privilege to extend . . . as far as they may wish to use it on the railroad right of way by the said railroad company giving their consent to the same." Such a warehouse was erected, and the plaintiff and those under whom he claims had been in undisturbed possession of it and the lot on which it stood for about eighteen years, which lot was for some time (but not at the time of the trial) under enclosure. Defendant pleaded the general issue; also pleas denying the title of plaintiff to the premises, and claiming that it did not hold under him, but under and by permission of the E. T., V. & G. R. R. Co.; that it went into possession under the R. R. Co., and had made no contract with plaintiff for rent nor for use and occupation. The defendant constructed the oil-house in question a few years before this trial, without the knowledge or consent of plaintiff, and has been in possession of it ever since, using it as a warehouse for their oil; it receives the oil by the E. T., V. & G. R. R. in large quantities, and keeps it in this house from which it sells and delivers it in smaller quantities to the merchants and other customers in Hawkinsville. The railroad company did not have room for the oil in the depot or elsewhere, and the defendant proposed to put up a building in which to put their oil on the railroad reservation, and it did put up this oil-house under an agreement with the authorities of the E. T., V. & G. R. R. Co. that it was to be removed when it (defendant) was notified to do so by the railroad; that the railroad was not to to be held responsible for fire from sparks from its engines, and the lease was not to extend beyond the time

the railroad remained in the hands of a receiver, it being in the hands of a receiver at the time of this agreement. The railroad is not now in the hands of a receiver, but the defendant is still holding under it by its permission and has been in possession and use of the oil-house since it was erected. The oil-house is situated a few hundred yards east of the depot and only a few steps from the main line of the railroad track. The defendant has never agreed to hold it under and pay rent for it to the plaintiff, but there had been several conversations with defendant's agent, and at one time a proposition by him to pay rent if terms could be agreed on, and if plaintiff would assume a liability of a third party to defendant. This proposition plaintiff rejected, and no agreement was arrived at. As to whether or not the oil-house stands on the ground which was originally enclosed in the planters' warehouse lot there was a conflict in the testimony. The railroad company has never notified defendant to move the house and does not object to defendant's continuing to use it. Under the regulations of the railroad company, said company was not bound to provide storage for freight longer than two or three days after it was received and notice given thereof, but it was the duty of consignees to move their freight at a reasonable time, say two or three days after its arrival. After the defendant built this little house, the cars in which their oil came were usually rolled down to it and the oil rolled inside.

The decision of the court being against plaintiff, he applied to the judge of the superior court for a writ of *certiorari*. This was denied, and he excepted.

W. L. GRICE, by brief, for plaintiff.

PATE & JORDAN, for defendant.

BLECKLEY, Chief Justice.

The action in the county court was upon an account for rent, the declaration embracing also a special count

for use and occupation, alleging that such use and occupation were at the request of the defendant, and by the sufferance and permission of the plaintiff. The judgment of the county court was in favor of the defendant, and the plaintiff petitioned for the writ of *certiorari*, which was denied.

We think that under the evidence contained in the record, the action rightly failed, for the reason that no contract relation or relation of landlord and tenant between the parties was established. That to support an action for use and occupation, either an express or implied contract is necessary, admits of no question. *Williamson* v. *Hollis*, 19 *Ga.* 313; *Jackson* v. *Mowry*, 30 *Ga.* 143; *Littleton* v. *Wynn*, 31 *Ga.* 583; *McLendon* v. *R. R. Co.*, 54 *Ga.* 293; Fitzgerald *v.* Beebe, 46 Am. Decis. (notes) 289–90; Taylor's Landl. & Ten. §636; 2 Saund. Pl. & Ev. 1169 *et seq.* True it is that where title is shown in the plaintiff, together with the fact of occupation by the defendant, without more, the relation of landlord and tenant is to be presumed, and a contract for rent implied. *Mercer* v. *Mercer*, 12 *Ga.* 421; *Clark* v *Green*, 35 *Ga.* 92. But reading these cases in connection with *Jackson* v. *Mowry, supra*, it will be seen that where the entry of the defendant was not under the plaintiff, and his right to occupy was and is claimed adversely to the plaintiff, then the implication of tenancy or of contract will not arise, and the action must fail. The brief of counsel here for the plaintiff in error was rested chiefly on *Richardson* v. *Harvey*, 37 *Ga.* 224; and *Godfrey* v. *Walker*, 42 *Ga.* 562; but we think these cases do not apply to the facts before us.

The negotiations between the parties looking to the recognition of the plaintiff as landlord, and to the payment both of past and future rent, had no result. No terms were agreed upon, and there is nothing to indicate that the defendant or its agent intended to treat

the plaintiff as landlord, or as entitled to claim any rent except as a result of negotiations. The entry was made under the authority of the railroad company or its representative, and the occupation during the whole period has been and still is by permission, express or implied, of that company. If this occupation is wrongful as against the plaintiff, he has his remedy by action of ejectment, and to that remedy he may resort should he think proper.          *Judgment affirmed.*