## PRICHARD *et al.* v. TABOR.

1. A written contract entered into between a vendor and a vendee, in which the former agrees to surrender possession of land sold to the latter on a day named, is admissible in evidence in a suit brought by the successor in title of the vendee to dispossess the vendor as a tenant holding over beyond his term.

2. Where one party conveys land to another, and it is agreed between them that the vendor shall remain in possession until a fixed time when he shall surrender possession to the vendee, the relation of landlord and tenant exists between the two; and a dispossessory warrant will lie in favor of either the purchaser or his successor in title against the seller, upon refusal by the latter to deliver possession at the time agreed upon.

3. There was no material error in any of the rulings complained of. The verdict for the plaintiff was demanded by the evidence, and there was no error in overruling the defendants' motion for a new trial.

Argued February 15, — Decided April 11, 1898.

Warrant to dispossess. Before Judge Fite. Catoosa superior court. February term, 1897.

*Payne & Payne*, for plaintiff in error.
*John P. Perry* and *Maddox & Terrell*, contra.

LEWIS, J. On January 18, 1896, Laura C. Tabor sued out a warrant to dispossess Prichard and wife as tenants holding

possession of land beyond the term for which it was rented to them. It appears from the record that Prichard originally owned the land in question, but in 1893 conveyed to his wife. She made a deed to the land to T. H. Tabor in 1894, who in turn conveyed to the plaintiff on July 11, 1895. At the time that the deed from Mrs. Prichard to T. H. Tabor was executed a contract was entered into between them, as follows: "This contract and agreement, made and entered into, witnesseth, that Ruthie L. Prichard is to have all crops now growing on her place this day sold to T. H. Tabor, and she will give possession of said place to T. H. Tabor on or before the 25th day of December next." Some time in September, 1895, defendants were notified by T. H. Tabor to give possession of the land, which they failed to do. The testimony was conflicting as to the value of the land for rent, the amounts ranging from twenty-five to fifty dollars per year. The jury found for the plaintiff, and the defendants excepted.

1. Complaint is made that the court erred in admitting in evidence the contract above quoted, over objection on the ground that it was not a contract to which J. R. Prichard and the plaintiff were parties. The court instructed the jury that the contract could only be used as evidence against Mrs. Prichard. T. H. Tabor, the other party to the contract, was the predecessor in title of the plaintiff, and the contract was admitted for the purpose of showing that a contract of rental existed between the defendants and T. H. Tabor. The plaintiff succeeded to the rights of her predecessor in title; and if the contract would have been admissible in a suit brought by the immediate vendee to dispossess his vendor, then it would be admissible in favor of his successor in title. If it was a contract of rental, it was of course admissible. So far as J. R. Prichard was concerned, it does not appear in the record that any judgment for rent was recovered against him. Indeed the record does not show that a money verdict was returned against either of the defendants. The verdict is not set out in the record; and the bill of exceptions states merely that the jury found for the plaintiff, that is, that the plaintiff had a right to the premises. So then, so far as appears, J. R. Prichard has not been hurt;

for it is not disputed that the plaintiff proved her title to the premises. That such a contract as the one now under consideration constituted a contract of rental will be shown in the next division of this opinion.

2. The relation of landlord and tenant is indispensable to the maintenance of such a proceeding as the one instituted in the present case. *Watson* v. *Toliver*, 103 *Ga.* 123. The contract above referred to being the only evidence tending to show such a relation between the parties, the question arises whether, when one party sells land to another and agrees to give possession on a named day, the relation of landlord and tenant is created between them. In the case of *Richardson* v. *Harvey*, 37 *Ga.* 224, it appeared that one L. W. Dean conveyed certain land to Yonell. Subsequently an agreement was entered into by Dean and Harvey as administrator of Yonell, that Dean was to occupy the premises to a day named in the future, and then deliver the possession to Harvey. Dean put Richardson and Eliza Dean in possession of the premises and left them therein. Some time after the expiration of the time when Dean was to give possession in accordance with his contract with Harvey, the latter sued out his warrant to.dispossess Eliza Dean and Richardson as tenants holding over beyond their term. It was held in that case that the relation of landlord and tenant existed between Harvey and L. W. Dean, as well as those holding the premises under Dean, and that therefore the proceeding to dispossess was maintainable. It is clear then from this case that the relation of landlord and tenant existed between T. H. Tabor and Mrs. Prichard. But this is a proceeding brought by the successor in title of T. H. Tabor, to dispossess the tenant; and this point, even if it were ever susceptible of any doubt, is settled by the case of *Morrow* v. *Sawyer*, 82 *Ga.* 226, where it is held that "one who purchases realty from the original landlord during the term of a tenant, is entitled, after the expiration of that term, to eject the tenant, who holds over beyond his term and refuses on demand to deliver possession, by dispossessory warrant." But even in cases where there is no express contract between the parties, and where the entry is under the plaintiff, and the possession is not adverse to him,

and where title is shown in the plaintiff and occupation by the defendant, an obligation to pay rent is generally implied. Civil Code, § 3116; *Mercer* v. *Mercer*, 12 *Ga.* 421. It follows from the section above cited, that Mrs. Prichard held possession of the land under an implied obligation to pay rent to T. H. Tabor. If then the plaintiff could dispossess the defendant under an express contract, why could she not do so under an implied contract? Holding as we do, however, that there was an express contract between these parties, it is not necessary to consider what would have been the rights of the plaintiff under an implied contract of tenancy.

3. The evidence demanded the verdict for the plaintiff, and an examination of the assignments of error in the motion for a new trial discloses no error of sufficient materiality to require a reversal of the judgment of the court below refusing a new trial.

*Judgment affirmed. All concurring, except Cobb, J., absent.*