## 19683. ROBERTS, administrator, v. ROBERTS.

Decided June 11, 1929.

*J. H. Dorsey,* for plaintiff. *Hal Lawson,* for defendant.

Bloodworth, J. By agreement this case was submitted to Judge Eve for determination on all questions of law and fact. His judgment, which was reduced to writing, contains enough of the facts to make it understood without any further statement of facts. We are convinced that it fully and accurately covers the issues to be determined, and we are making it our opinion in the case. Judge Eve said: "A rather careful study of the record in the case . . has convinced me that the defendant should prevail in this suit, for the reason that, having made a clear purchase and received a deed

upon the delivery of notes for the purchase-price, he became the holder of the title and entitled to the possession of the premises. The vendor, having refused to surrender possession and remaining in charge of the property, became the tenant at will of the vendee. Having failed to evict her and having allowed her to remain in possession for years, he has legally assented to and acquiesced in the relationship, and can not now set aside the sale for a failure to make delivery, or plead failure of consideration. As owner of the premises he has not waived his right to collect reasonable rental value of the premises by permitting Mrs. Catherine Roberts to remain in possession. On the other hand, there is no reason why he should not be held liable for principal and interest due on his notes executed in 1907 to cover purchase-price. There is no legal reason why he should not set off against this suit by the administrator on the purchase-money notes the reasonable rental value of the premises for the 21 years during which the vendor and her legal representative have occupied the same, the decisions of the Georgia courts, according to my understanding of them, holding against the theory of the plaintiff that such right of recoupment or set-off is barred by the statute of limitations.

"Amount apparently due on the notes:

"Principal ............................ $ 400.00
"Interest (straight) .................... 632.00 1032.00

"Rental for 21-1/4 years ................ 1320.00
"Due defendant ........................ 288.00

"Whereupon judgment is rendered in favor of the defendant, W. F. Roberts, for the sum of $288.00, to bear interest after this date at the rate of 7% per annum, and all costs of the suit to be fixed by the clerk of this court, the judgment being against the plaintiff Joe Roberts, as administrator of Catherine Roberts, to be levied of the goods and chattels, lands and tenements of the said Catherine Roberts in the hands of said administrator or that may hereafter come into his hands." As to landlord and tenant, see Civil Code (1910), § 3692; *Mercer* v. *Mercer,* 12 *Ga.* 421; *Jackson* v. *Mowry,* 30 *Ga.* 143; *Clark* v. *Green,* 35 *Ga.* 92; *Richardson* v. *Harvey,* 37 *Ga.* 224; *Dollar* v. *Roddenberry,* 97 *Ga.* 148 (25 S. E. 410); *Lathrop* v. *Standard Oil Co.,* 83 *Ga.* 307, 310 (9 S. E. 1041); *Prichard* v. *Tabor,* 104 *Ga.* 64 (2) (30 S. E. 415). As to the

812

statute of limitations, see *Morrow* v. *Hanson,* 9 *Ga.* 398 (54 Am. D. 346) ; *Collins* v. *Loyd,* 31 *Ga.* 128.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*