18294.   ECHOLS *v.* THOMPSON.

ARGUED JULY 14, 1953—DECIDED SEPTEMBER 14, 1953.

*F. H. Boney, Joseph J. Fine,* for plaintiff in error.

*Harris Bullock, Wilson Brooks, Kyle Yancey,* contra.

DUCKWORTH, Chief Justice. "A general demurrer to a petition will not be sustained if the facts entitle the plaintiff to any of the substantial relief prayed." *Arteaga* v. *Arteaga,* 169 *Ga.* 595 (4) (151 S. E. 5). Since the passage of the Uniform Procedure Act, where a suit is filed in a superior court, which has general jurisdiction both in law and in equity, the petition is not subject to general demurrer on the ground that the petitioner has an adequate remedy at law, if it states a cause of action for either legal or equitable relief. Code §§ 37-901, 37-907; *Pardue Medicine Co.* v. *Pardue,* 194 *Ga.* 516 (22 S. E. 2d 143).

Irrespective of whether—as insisted by counsel for the plaintiff in error—the provision contained in the sale contract, whereby the seller would pay the notes until possession was given, became merged in the security deed, so long as the seller retained possession of the property, after the execution of the deeds, she would be the tenant of the purchaser, and would be responsible for the reasonable rental value thereof. *Prichard* v. *Tabor,* 104 *Ga.* 64 (2) (30 S. E. 415).

The allegations of the present petition—to the effect that the seller received the $2,000 down payment, refused to deliver possession after execution of the deeds, and, while the parties occupied the relation of landlord and tenant, the seller without paying reasonable rental foreclosed the second security deed and bought in the property, thus divesting the purchaser of her legal

rights—were sufficient as against general demurrer to set forth a cause of action for equitable relief.

Insofar as there was any merit in the special grounds of demurrer, they were met by amendment to the petition.

It follows that the trial judge did not err in overruling the defendant's general and special grounds of demurrer to the petition as amended.

*Judgment affirmed. All the Justices concur, except Atkinson, P.J., not participating.*