18781. ECHOLS *v.* THOMPSON.

ARGUED NOVEMBER 8, 1954—DECIDED JANUARY 11, 1955.

*Joseph J. Fine, F. H. Boney,* for plaintiff in error.
*Harris Bullock, Kyle Yancey, Wilson Brooks,* contra.

ALMAND, Justice.  Mrs. Ethel P. Thompson, in an equitable petition against Mrs. Minnie L. Echols, sought to set aside a warranty deed from· the defendant to the plaintiff; a security deed· with power of sale from the plaintiff to the defendant; a deed executed by the defendant as attorney in fact for the plaintiff to the defendant; and to recover a stated amount representing the purchase money paid by the plaintiff, with interest, growing out of the sale of a tract of real estate by the defendant to the plaintiff.  A full statement of the allegations of the petition may be found in *Echols* v. *Thompson,* 210 *Ga.* 37 (77 S. E. 2d 521).  On the trial before a court and jury, the judge overruled the defendant's motions for a nonsuit and for a directed verdict. The jury returned a verdict in favor of the plaintiff for $2,000 and interest, and the court entered a decree setting aside the deeds above enumerated, and awarding the plaintiff a judgment for $2,000 with interest.  Within 30 days from the date of the verdict, but not during the term of court at which the verdict and judgment were entered, the defendant filed a motion for a judgment in her favor notwithstanding the verdict, and joined with that motion a motion for new trial based upon the general grounds.  Subsequently the defendant filed an amendment to her motion for new trial, and a brief of evidence, which were duly approved by the court on the hearing of the two motions. The court sustained the plantiff's motion to dismiss the motion

for new trial, on the ground that the same was not filed during the term of court at which the verdict and judgment were entered, and passed an order denying the defendant's motion for a judgment in her favor notwithstanding the verdict. The defendant filed her bill of exceptions, in which she assigned error on (a) the refusal of the court to grant a nonsuit; (b) the refusal to direct a verdict in her favor; (c) the order dismissing her motion for a new trial; and (d) the order denying her motion for a judgment notwithstanding the verdict.

■ The first headnote requires no elaboration.

■ When this case was previously before this court on exceptions to the overruling of general and special demurrers to the petition (*Echols* v. *Thompson,* 210 *Ga.* 37, supra), we affirmed the judgment of the trial court, and held that the allegations of the petition were sufficient as against the demurrers to set forth a cause of action for equitable relief. We did not spell out in our opinion the precise reasons for our ruling. The gist of the allegations of the plaintiff's action was that she was entitled to the recovery of purchase money, with interest, that had been paid to the defendant by reason of a sale by the defendant to her of a house and lot, in that the defendant, after the sale and after the delivery of a deed to the plaintiff, had continued to remain in possession of the property and had refused upon the plaintiff's demand to deliver possession to the plaintiff, and thereafter, while still in possession of the property, had sold the same under the power of sale contained in a security deed, which had been executed to her by the plaintiff as security for a part of the purchase money, at which sale the defendant was the purchaser.

The warranty deed to the plaintiff, containing a general warranty of title, included a covenant of quiet enjoyment. Code § 29-303. The measure of damages for breach of a warranty of title to land is the purchase money, with interest thereon from the time of sale, unless the jury, under the circumstances of the case, think that the use of the premises was equal to the use of the money, and that such equitable setoff should be allowed. Code § 20-1412. See also *Davis* v. *Smith,* 5 *Ga.* 274 (5) (47 Am. D. 279) ; Atler *v.* Erskine, 51 Tex. Civ. App. 173 (111 S. W. 186 (1)). We did not hold, as contended for the defendant, that all that the

plaintiff would be entitled to recover would be the reasonable rental value of the premises for the time that the defendant retained possession thereof after execution of the deed. All that we said as to that was that a general demurrer to a petition will not be sustained if there are any facts alleged which would entitle the plaintiff to any of the substantial relief prayed for; and the opinion merely pointed out that the petition did at least set forth a cause of action for the reasonable rental value of the property. We did not make any ruling which would confine the measure of damages to the rental value of the property. One of the special demurrers, which we held was properly overruled, assailed the allegations of the petition which alleged that the plaintiff was entitled to recover the amount of the purchase money plus interest.

The rulings on the general and special demurrers became the law of the case; and, if the plaintiff proved her case as laid, she was entitled to recover. Therefore, on consideration of the defendant's motion for a directed verdict, and of her motion for a judgment notwithstanding the verdict, if there is no conflict in the evidence, and all reasonable deductions and inferences from the evidence demand a particular verdict, the court may direct the jury to find a verdict for the party entitled thereto. Code § 110-104. Section 2 of the act amending the rules of practice and procedure, adopted by this court and ratified by the General Assembly on December 22, 1953 (Ga. L. 1953, Nov.-Dec. Sess., pp. 440-444), which provides that a party who has moved for a directed verdict may within 30 days after refusal of such motion move to have the verdict and judgment set aside and have a judgment rendered in accordance with the motion for a directed verdict, in no wise modifies the provisions of Code § 110-104. This amendment to the rules of practice merely provides a remedy whereby a party whose motion for a directed verdict has been denied may, after adverse verdict, move the court to enter a judgment notwithstanding the verdict; and, if that motion be denied, such ruling could be reviewed by the appellate court on a final bill of exceptions. This particular rule is in substance copied from Rule 50 of the rules of procedure in the Federal courts, the only difference being as to the time of filing the motion, and the provision that a new trial may be prayed in the

alternative. 28 U. S. C. A., Rule 50. In the construction of this rule, the Federal courts have held that a motion for a judgment notwithstanding the verdict cannot be granted unless the opposing party failed to prove his case (Montgomery Ward & Co. *v.* Duncan, 311 U. S. 243, 61 Sup. Ct. 189, 85 L. ed. 147); and where there was an evidentiary basis for the jury's verdict, the jury being free to discard or disbelieve whatever facts were inconsistent with their conclusions, it is error for the court to substitute its conclusions for those of the jury and enter a judgment notwithstanding the verdict (Stanford *v.* Pennsylvania R. Co., 171 Fed. 2d 632); and on such a motion the evidence must be accepted which is most favorable to the party in whose favor the verdict was rendered. Grubb Motor Lines *v.* Woodson, 175 Fed. 2d 278.

Though there are some conflicts, the jury were authorized to find from the evidence: The parties entered into a written contract on September 28, 1950, wherein the plaintiff agreed to buy and the defendant agreed to sell a house and lot, 387 Copenhill Avenue, Atlanta, and in which the plaintiff agreed to pay $11,500 representing the purchase price, $2,000 to be paid in cash, to assume a loan of $4,000, and execute to the defendant a second security deed for the balance of the purchase money, payable in monthly instalments. It was agreed that the plaintiff would not be obligated to pay the first-mortgage notes until the defendant gave her possession of the property, such possession to be given not later than January 1, 1951; and that the plaintiff would have a room free of all expenses in the house until possession of the house was given to her. On September 29, 1950, the defendant executed a warranty deed conveying to the plaintiff in fee simple the property described therein, in which the plaintiff assumed payment of the debts secured by the first and second security deeds. On the same date, the plaintiff executed to the defendant a security deed to secure an indebtedness of $4,000, with power to sell the property in the event of default in payment of the debt secured. The defendant remained in possession of the premises after January 1, 1951; and though demand was made on the defendant for possession, it was never given to the plaintiff. From January 1, 1951, to the time (August, 1951) when the property was sold by the defendant under

the power of sale contained in the security deed to her from the plaintiff, the defendant continued to hold possession of the property. On January 1, 1951, the defendant had a tenant living on the premises, who continued to live thereon and pay rent to the defendant for several months. The jury were authorized to conclude from the evidence that the failure and refusal of the defendant to surrender possession to the plaintiff after January 1, 1951, was a breach of the covenant of warranty of title contained in the deed from the defendant to the plaintiff. There was no dispute as to the amount of purchase money paid at the time of the execution of the deed. The plaintiff was entitled to recover said amount with interest. Evidence that the plaintiff, prior to January 1, 1951, listed the property here involved with a real-estate agent for sale, and that she discussed with the defendant's tenant the matter of the latter remaining as a tenant, does not constitute a defense to the plaintiff's suit. Nor does the fact that the sales contract was merged into the warranty deed (*Keiley* v. *Citizens' Savings Bank & Trust Co.*, 173 *Ga.* 11 (1), 159 S. E. 527) excuse the defendant from delivering possession. The obligation of the defendant to deliver possession to the plaintiff being covered by the general warranty of title, the failure to give possession (the defendant being in actual possession) was a breach of this warranty; and under the evidence the jury were authorized to render a verdict in favor of the plaintiff. Therefore it was not error for the judge to refuse either to direct a verdict in favor of the defendant, or to enter a judgment in her favor notwithstanding the verdict.

■ The court did not err in dismissing the motion for a new trial, because it was not filed during the term at which the verdict was rendered. Section 2 of the act amending the rules of procedure, supra, provides that a motion for a judgment notwithstanding the verdict must be filed within 30 days from the date of the verdict, and that a motion for a new trial may be joined with a motion for a judgment notwithstanding the verdict, or may be filed separately. In this case, the defendant joined in her motion for a judgment notwithstanding the verdict a motion for new trial on the general grounds, and such motion was not made until expiration of the term at which the verdict was rendered. This amendment to the rules of practice does not in any

wise amend or modify the provisions of Code § 70-301, which require that all applications for new trial except in extraordinary cases shall be made during the term at which the trial was had; and, if the term shall continue longer than 30 days, the application shall be filed within 30 days from the trial, together with a brief of the evidence. Under Code § 70-301, and Rule 2 amending the rules of practice and procedure, if a motion for a new trial is joined with a motion for a judgment notwithstanding the verdict, such motion must be filed during the time provided for the filing of a motion for a new trial. The motion for a new trial in the instant case not being filed within the time required by law, the court did not err in dismissing the same.

*Judgments affirmed. All the Justices concur.*