No. 62.—WILLIAM WILLIAMS and others, plaintiffs in error, *vs.* EZEKIEL HOLLIS and others, executors, &c. defendants in error.

[1.] Action for use and occupation, cannot be sustained if defendant claims title adversely to plaintiff.

[2.] Declaration cannot be amended, when the amendment proposed requires a total change in the. structure of the declaration setting out a different cause of action.

Assumpsit, in Marion Superior Court.    Tried before Judge WORRELL, August Term, 1855.

This was an action brought by the heirs of Thomas Williams against the executors of Thomas Hollis, for the use and occupation of a tract of land.    The plaintiff showed by his own proof, that Thomas Hollis was a purchaser at Sheriff's sale; and consequently, held adversely to plaintiffs.    Defendants demurred to the evidence and moved for a non-suit, on the ground that this action would not lie under those facts. Plaintiff's Counsel resisted the motion, and at the same time, proposed to add a count charging a forcible entry of the premises; or else, to change the declaration so as to make the case an action of trespass, or in some way to make the pleadings fit the case proven.    The Court refused to allow the amendments, sustained the demurrer and dismissed the case. These decisions are assigned as error.

STUBBS & HILL, for plaintiffs in error.

BLANDFORD & CRAWFORD, for defendants in error.

*By the Court.*—McDONALD, J. delivering the opinion.

[1.] The action for use and occupation will not lie, where

the defendants claim title adversely to the plaintiffs. Such a claim is inconsistent with the pretence that they occupy the premises as tenants of plaintiffs. The defendants in this case held the land adversely, and the relation of landlord and tenant could not be implied, and the action cannot be sustained.

[2.] The Court below decided correctly in disallowing the amendment. Neither the practice of the Courts nor the Statutes, in relation to amendments, as liberal as they are, would admit of it. The declaration is a perfect one, and requires no amendment. If it had been defective in form or substance, the plaintiffs might have amended it as a matter of right, but the difficulty was not that the declaration was defective, but that the action would not lie. The action was not wrongly entitled. All the allegations in the declaration show that it was correct in that respect. The proposition was, to change the entire structure of the declaration, and to allow the party to file a new declaration, giving a new aspect to the case throughout, setting forth a new cause of action. It could not be done.

Judgment of Court affirmed.