WILLIAM RICHARDSON, plaintiff in error, vs. MARY JANE ROBERTS, defendant in error.

A verdict is not to be set aside on the ground that it was obtained by perjured evidence, unless it appear to the Court, that the verdict could not have been obtained without that evidence.

Equity, from Crawford county. Decision by Judge LAMAR, at chambers.

The complainant filed a bill for relief and injunction, alleging that a verdict had been obtained against him in the Superior Court of Crawford county, at the instance of defendant, in an action on the case for words, by the wilful and corrupt perjury of Nathaniel Griggs, a witness sworn in said case for the plaintiff; that it was not until after the final judgment in said case had been rendered, that complainant ascertained that he could prove that the testimony of Griggs, on said trial, was false, by several witnesses, whose depositions complainant attaches to his bill, and fully makes out the allegation of perjury on the part of Griggs. Complainant, at last term of the Court, preferred an indictment against Griggs, which was returned, true bill for perjury committed on the said trial; that he intends to prosecute said indictment, and believes a conviction can be had thereon.

That on the said verdict obtained against him, execution has issued; and the defendant who is plaintiff in *fi. fa.* is proceeding to collect the same, and that at law, he is unable to resist it, and prays it may be enjoined until an issue is made up, on the facts herein charged, and if found true, a new trial be granted him in said case of slander; and until a trial is had on said indictment against Griggs, and if Griggs is convicted, that the complainant have leave to move to set aside the judgment in said slander suit obtained against him.

The facts of this bill will be found in the case of William Richardson against Mary Jane Roberts. *23 Ga. 215.*

The Judge, upon reading the bill, refused the prayer in the following language.

" The injunction and relief sought by this bill are predicated on the ground that the verdict of the jury was obtained by the perjury of Nathaniel Griggs, a witness in the cause, and on the newly discovered evidence of Span, Ragan, Samuel Gassett and Eveline Gassett, by whom the perjury would be established.

The perjury complained of is, that Griggs, on the trial, swore that Roberts, the husband of defendant to this bill, and plaintiff in the action of slander, died in October, 1847, at his house, and that she gave birth to a child in April, 1848. The affidavits of Ragan and Mr. and Mrs. Gassett, state that Roberts died in Macon county, in the year 1845; that the defendant in this bill continued to reside there some two or three years thereafter without giving birth to a child. There is an admitted conflict in the evidence, which it is considered established the fact that Griggs swore falsely, both as to the time of Roberts' death, and the period which elapsed between his death and the birth of the child. But conceding the fact that Griggs swore falsely, and was perjured, and that Mrs. Roberts gave birth to an illegitimate child in 1848, and that the newly discovered evidence would prove it; would this establish the truth of the slanderous words uttered by

the complainant against the defendant in 1854? There were two counts in the action of slander, charging, in substance, the defendant in this bill with having given birth to an illegitimate child; that Griggs was its father, and that he, Griggs, kept her from marrying for the purpose of cohabiting with her. The complainant, by interposing the plea of justification, admits the speaking of the words, and it is incumbent on him to support their verity by proof.

As before observed, would the admitted perjury of Griggs, and the fact conceded, that the child born in 1848 was illegitimate, and that Roberts died in 1845, establish the truth of the plea of justification, to-wit, that the illegitimate child was Griggs', and that he and the defendant to this bill were cohabiting together in December, 1854? I think not. The defendant's character, such as it was at the time of speaking of the words, is put in issue. She might have had an illegitimate child in 1848, and by reformation and amendment in her conduct, aequired a very different character for virtue and chastity, some six or seven years thereafter; it was then entitled to such protection as it merited. Again, expunge Griggs' testimony entirely from the record, and I consider the remaining testimony in the case would fully sustain the finding of the jury; or in other words, the jury would justly return the verdict they did, without Griggs' testimony.

Entertaining the views and opinions above expressed, I refuse to sanction the bill, for the reasons given.

HENRY G. LAMAR, J. S. C. M. C.

December 14th, 1857.

To which decision complainant's counsel excepted, and assigns the same as error.

HUNTER, for plaintiff in error.

GEORGE W. NORMAN, for defendant in error.

Richardson vs. Roberts.

*By the Court.*—BENNING, J. delivering the opinion.

Was the Court right in refusing its sanction to this bill? We think so.

" Any verdict or judgment, rule or order of Court, which may have been obtained or entered up, shall be set aside, and shall be of no effect, if it shall appear that the same was obtained or entered up in consequence of wilful and corrupt perjury; and it shall be the duty of the Court in which such verdict, judgment, rule or order, may have been obtained or entered up, to cause the same to be set aside upon motion and notice to the adverse party; but it shall not be lawful for the said Court to do so, unless the person charged with said perjury, shall have been thereof duly convicted, and unless it shall appear to the said Court, that the said verdict, judgment, rule, or order, could not have been obtained or entered up, without the evidence of such perjured person." 8 *Sec.* 8 *Div. Penal Code.*

The person here charged with the perjury, Griggs, has not, as yet, been convicted of the charge.    But let that pass.

Is it true, that it appears here, that the verdict " could not have been obtained" " without the evidence" of Griggs ?

By no means.

The slanderous words declared on, were, in substance, that Mary J. Roberts had had a bastard by Griggs; and that he was keeping her unmarried for his own purposes.    The speaking of these words was proved by others, than Griggs. Besides, there was a plea of justification.

The plaintiff's case, then, in the slander suit was fully made out without the evidence of Griggs ; and she was entitled to recover without his evidence, unless the defendant, Richardson, proved his plea of justification.

As to that plea.    Leaving Grigg's evidence out of the question, it is by no means clear, that the rest of the evidence showed him the father of Mary J. Robert's child, assuming it to have

been a bastard; or showed him keeping her unmarried for his own purposes. See the evidence.

Even the newly discovered evidence itself would fail to make out these charges, however it might serve to show, that the child was a bastard.

It must follow, then, that it is *not* true, that it appears here, that the verdict " could not have been obtained without the evidence" of Griggs.

This being so, the section aforesaid—of the Code, comes in, and makes it unlawful for the Court to set aside the verdict, even though it may be true that Griggs was guilty of perjury, in his evidence.

And, certainly, bills of this sort ought not, for reasons most obvious, to receive any encouragement.

Judgment affirmed.