IN THE

# SUPREME COURT OF THE STATE OF GEORGIA,

## AT ATHENS,

## NOVEMBER TERM, 1860.

Present—JOSEPH H. LUMPKIN, ⎫
         RICHARD F. LYON,   ⎬ Judges.
         CHARLES J. JENKINS, ⎭

---

## LITTLETON vs. WYNN.

The relation of landlord and tenant must exist, to maintain the action of use and occupation. That is, there must be a contract either express or implied, and it can not be implied when the possession is adverse to the title.

Action for use and occupation, in Warren Superior Court. Decision by Judge THOMAS, at the April Term, 1860.

The record in this case presents but one question, which arises out of the following state of facts, to wit:

William Littleton, as the administrator of Lucy Bray, deceased, instituted an action against Cynthia Wynn, to recover the sum of twelve hundred and fifty dollars, for the alleged use and occupation of a certain tract of land, with the tenements and improvements thereon, containing one hundred and ninety-one and a half acres, adjoining lands of

---

USE AND OCCUPATION—WHAT NECESSARY TO SUSTAIN. ACTION. "To support an action for use and occupation, either an express or implied contract is necessary, admits of no question. Williamson v. Hollis, 19 Ga. 313; Jackson v. Mowry, 30 Ga. 143; Littleton v. Wynn, 31 Ga. 583; McLendon v. R. R. Co., 54 Ga. 293; Fitzgerald v. Beebe, 46 Am. Decis. (notes) 289-90; Taylor's Landl. and Ten., §636; 2 Saund. Pl. and Ev. 1169 et seq. True it is that where title is shown in the plaintiff, together with the fact of occupation by the defendant, without more, the relation of landlord and tenant is to be presumed, and a contract for rent implied. Mercer v. Mercer, 12 Ga. 421; Clark v. Green, 35 Ga. 92. But reading these cases in connection with Jackson v. Mowry, supra, it will be seen that where the entry of the defendant was not under the plaintiff, and his right to occupy was and is claimed ad-

Sarah Hall, Henry Wynn, the said Cynthia, and others, from the 1st day of January, 1854, to the 1st day of November, 1858.

To this action the defendant pleaded, amongst other things: That the plaintiff before that time did commence and prosecute an action of ejectment for the land aforesaid, against Thomas Wynn, the husband of defendant, then in life; and also for the recovery of mesne profits from the —— day of ————, 1853; that pending the action, Thomas Wynn died, and William Gibson and Henry Wynn, his administrators, were made parties defendant; that at the April Term, 1858, of said Court, the plaintiff obtained a verdict against said administrators of Wynn, for the premises in dispute, as well as for the rent of the land, from the year 1853 until the time of the rendition of said verdict; that the plaintiff is estopped by said verdict and the judgment thereon, although the plaintiff wrote off from said verdict and judgment the mesne profits accruing after the death of the said Wynn; inasmuch as this defendant went into the possession of the land under said administrators of Wynn, and occupied the same as their tenants at will, from the death of her husband until the rendition of said judgment.

The plaintiff demurred to this plea as insufficient, and moved to strike the same from the pleadings in the case.

After argument had thereon, the presiding Judge overruled the demurrer and motion of the plaintiff, and that decision constitutes the error alleged in the record.

WASDEN & NELMS, for the plaintiff in error.

E. H. POTTLE, for defendant in error.

*By the Court.*—LYON, J., delivering the opinion.

The demurrer to the plea was properly overruled in this case, not on the ground relied on, that there had been a former recovery by the plaintiffs against others for the same cause of action, which is the foundation of this suit; but because the plea shows that the possession of the premises, by the defendant, for which this action of use and occupation is brought, was adverse to the title of the plaintiff; and for that the action does not lie. "The relation of landlord and

versely to the plaintiff, then the **implication of tenancy or of contract will not arise,** and the action must fail. The brief of counsel here for the plaintiff in error was rested chiefly on Richardson *v.* Harvey, 37 Ga. 224; and Godfrey *v.* Walker, 42 Ga. 562; but we think these cases do not apply to the facts before us." Lathrop *v.* Standard Oil Company, 83 Ga. 310.

"While by statute landlords have a special lien for rent on the

Littleton vs. Wynn.

tenant is necessary to sustain such an action."—*Barnes & Shinholster,* 14 *Geo.* 133. In other words, the action depends entirely upon a contract, either express or implied— express where the parties have stipulated for the payment of rent, or implied when a contract is presumed from the title of the one and the possession of the other; this presumption of a contract is rebutted when it appears that the tenant does not hold under, but adversely to him who holds the title. During the time the defendant had the possession of the premises, for which this action is brought, an action of ejectment was pending at the instance of the plaintiff against the persons under whom defendant held, there could not then have been a contract, either expressed or implied, between these parties for the use and occupation. The relation of landlord and tenant did not exist and the suit can not be maintained. *In Birch vs. Wright,* 1 *Q. R.* 378, the same being an action for use and occupation, Ashurst, J., says: From the 6th of April, 1785, to the time of recovering in the action of ejectment, in my opinion the plaintiff is precluded from recovery in this form of action, for that would be blowing both hot and cold at the same time by treating the possession of the defendant as that of a trespasser and that of a lawful tenant at the same time. The plaintiff can not first recover in ejectment and then for use and occupation for the time subsequent to the day of the demise in such ejectment.

## JUDGMENT.

Whereupon, it is considered and adjudged by the Court, that the judgment of the Court below be affirmed.

crops made upon land rented from them, which can not be defeated by a sub-letting of the premises, yet, as a landlord can not maintain an action for rent against one who is not his tenant, and **as the relation of landlord and tenant does not arise between the owner of realty and one to whom his tenant has sublet the same** until the landlord elects to make the sub-tenant his tenant, such **sub-tenant is not,** until the owner of the premises exercises his right to make such election, **liable to him for the rent of the property."** Hudson *v.* Stewart, 110 Ga. 37, 39. And see Civil Code, §3116.

"**The rule that an undisclosed principal shall stand liable for the contract of his agent does not apply when** the contract is under seal. Accordingly, a lease under seal, executed by an agent as lessee in his individual name, and which does not purport to be executed on behalf of the principal, is not binding upon the latter, although it appears from extrinsic evidence that the lessee was the general agent to conduct a business for his principal, and that the premises were leased to be used in such business. **Where,** during the continuance of the term under such lease, the premises were used by the principal, or by his agent as manager in operating the business, **an action for use and occupation could not be maintained against the principal."** Lenney *v.* Finley, 118 Ga. 718 (2, 3), 720, and cases cited.