Cohen *vs.* Broughton.

E. H. COHEN, plaintiff in error, *vs.* JOHN A. BROUGHTON, defendant in error.

1. Where personal property is claimed by a third person, and the claim affidavit and bond recite that it has been levied on, the claimant is estopped from saying the levy was not complete.

2. To justify the issue of a distress warrant, the relation of landlord and tenant must exist between the plaintiff and the defendant; and where A owns land and rents it to B, but there is no proof that B ever took possession or

cultivated the land, this does not justify the levy of a distress warrant upon cotton made on the land by C, between whom and A or B there is no express or implied contract to pay rent to A or B.

Claims. Levy and sale. Estoppel. Landlord and tenant. Before Judge BARTLETT. Morgan Superior Court. September Adjourned Term, 1874.

A distress warrant in favor of John A. Broughton against William D. Durden, was levied on three bales of cotton, which were claimed by E. H. Cohen. Upon the trial of the issue thus formed, it appeared that one Jerry Jones rented the land, upon which the cotton in controversy was made, for the year 1873, from Blanche Durden, to whom he had paid all the rent; that the cotton was made by him and sold to claimant; that he had never made any contract with the plaintiff; that plaintiff had purchased the land from Blanche Durden in 1871, and had rented it for the year 1873 to William D. Durden; that he had notified Jones of these facts in January, 1873, and told him he would look to the crops for the rent.

The jury found the property subject. The claimant moved for a new trial, because the verdict was contrary to the law and the evidence. The motion was overruled, and the claimant excepted.

One question made in this court was whether there had ever been any legal levy of the distress warrant, in reference to which see first head-note. The bill of exceptions does not show that this point was made in the court below, unless relied on as embraced in the general ground that the verdict was contrary to the law and the evidence.

MCHENRY & MCHENRY, for plaintiff in error.

BILLUPS & BROBSTON, for defendant.

MCCAY, Judge.

1. The claimant has made affidavit that this property was levied on. He has recited it in his bond. He has got pos-

session of it by his forthcoming bond under a recital to that effect, so that even if the facts justified questioning the levy, he, it seems to us, is estopped from denying the levy. And this is specially (perhaps only) true of personal property. The possession is the point of the levy, and if there is no levy the claimant is not interfered with. He has got his property and may do as he pleases with it. He is not interfered with if there be no levy.

2. But we are clear the plaintiff in *fi. fa.* has not made a good case. This is a distress warrant. The fundamental basis of it is that the relation of landlord and tenant shall exist. Rent must be due. This can only be by contract, express or implied. An adverse holder of the land cannot be due rent: 30 *Georgia,* 14; 19 *Ibid.,* 313. The evidence shows that the person who made this cotton was not the tenant of the plaintiff; that he rented the land from Miss Blanche Durden and has paid her for it. It seems, too, that he had rented from and paid her for several years; and that he, in terms, disavowed holding under the plaintiff. The plaintiff does not pretend that he rented the land to Jerry Jones, who made the cotton levied on. The contract he made was with W. D. Durden. Did W. D. Durden ever take possession? There is no proof that he did. The plaintiff's whole case turns on the fact that he owned the land; and he assumes that if he did, whoever worked it is not only bound to pay him rent, but that any cotton made on the land by anybody is bound for such rent. This is pushing the rights of a landlord or land owner further than the law justifies. The writ is a harsh one, and it has always been restricted to the case of a tenant by contract, and has never, as we see by the cases referred to, been extended to one holding adversely. There are cases where it is held there can be no distress, unless the *rent* be agreed upon, and the rule is uniform that there must be either a fixed sum agreed upon, or some other agreement made from which a fixed sum may be ascertained. So that the case of a distress warrant requires even a stronger case than use and occupation, for in that case a *quantum meruit* will lie. We

see no connection between the plaintiff and Jerry Jones, and nothing to justify seizing Jerry Jones' cotton as the property of William D. Durden. Even if Jerry Jones were the under-tenant of Durden we do not think this distress warrant could seize Jones' cotton. If Jones was the tenant of the plaintiff, and it is only in that event his cotton could be levied on, the warrant should have issued against him. We are of the opinion that, under the law, as the case is made by the evidence, this cotton was not subject.

Judgment reversed.