## LEWIS *vs.* WALL.

1. When a party institutes a suit, it is his duty to attend to its progress, and take notice of any defence that may be filed. It is not incumbent upon the court to keep him informed of the various steps taken in its course, and he is not entitled to service of the pleas, though a plea of set-off may be filed.

(*a.*) A set-off being pleaded, the court should not, of its own motion, have dismissed the suit, or continued it in order to give the plaintiff notice of the defence.

2. Mere general statements in an affidavit of illegality, that the pleadings were so defective that no legal judgment could be rendered, will be disregarded.

*69 *Ga.*, 564.

3. In order for the allegation that a judgment was obtained by perjury to be available as a ground of an affidavit of illegality, it should appear that the offender has been convicted, and that the judgment could not have been obtained without his evidence.

4. It is no ground for an affidavit of illegality that a *fi. fa.* from a justice's court was levied by a constable outside of the district where the judgment was entered, and outside of the county of defendant's residence, when it appears that the property levied on was found in the bailiwick of the officer making the levy; nor was it necessary that the *fi. fa.* should have been backed by a magistrate of the county of the defendant's residence, to authorize the levy made in this case.

5. A town marshal may be a bailiff. There is nothing incompatible or inconsistent in the exercise of the powers and duties of both offices by the same person.

April 3, 1883.

Set-off. Actions. Notice. Justice Courts. Illegality. Judgments. Levy and Sale. Constable. Officers. Before Judge STEWART. Henry Superior Court. October Term, 1881.

Reported in the decision.

J. T. SPENCE, by HARRISON & PEEPLES, for plaintiff in error.

THOMAS W. THURMAN, for defendant.

HALL, Justice.

The affiant brought suit against the plaintiff in execution, in a justice's court in Henry county, to which the said plaintiff in this *fi. fa.* pleaded a set-off, and had judgment upon his plea for sixty-three 86-100 dollars. Upon this judgment, an execution issued, and was levied upon the property of the defendant therein. Upon the levy being made, the defendant filed an affidavit of illegality thereto, upon the ground,

(1.) That the court rendering the judgment had no jurisdiction of the person of said defendant, who was the plain-

tiff in the suit to which set-off was pleaded, because he was not, at the time of rendering the judgment, a resident of the county and district wherein the suit was brought, but of another district and county.

(2.) Because he was not present at the trial, had no notice of the plea, and had not been served with the same; and that, when he did not appear, the justice should have dismissed the suit for his failure to appear and prosecute it; and failing to dismiss it for these reasons, the court should have deferred or continued the case, and given him notice of the pending defence.

(3.) Because the pleadings were so defective that no legal judgment could have been had or rendered thereon.

(4.) Because the judgment on which the *fi. fa.* issued had been obtained by the perjury of the plaintiff therein; that he had been indicted for the offence in Henry superior court, where the indictment was then pending and undisposed of.

(5.) Because the *fi. fa.* was levied by the constable of another district than that in which the judgment was obtained, when there was, at the time of the levy, a constable in said first named militia district, *i. e.*, the district in which the court rendering the judgment was held; that the defendant was, at the time of the levy, a resident of Fayette county, and the *fi. fa.* should have been levied by an officer of that county; and that it should have been backed by a magistrate of the county of defendant's residence.

(6.) Because the constable making the levy was not a lawful officer, forasmuch as he was, at that time, marshal of the town of Hampton, and that the two offices are inconsistent.

This case coming on to be heard upon an appeal to the superior court of Henry county, the affidavit of illegality was, upon motion, dismissed, and this ruling is assigned for error here.

1. When a party institutes a suit, it is his duty to attend to its progress, and take notice of any defence that may be

filed. It is not incumbent upon the court to keep him informed of the various steps taken in its course, and he is not entitled to service of the pleas. A set-off being pleaded, the court should not, of its own motion, have dismissed the suit, or continued it in order to give the plaintiff notice of the defence; the plaintiff himself could not dismiss his action so as to interfere with the plea, unless by leave of the court, on sufficient cause shown, and on terms prescribed by the court. Code, §2709.

2. The affidavit of illegality does not specify, nor does the record show. wherein the pleadings were so defective that no legal judgment could be rendered in favor of the party pleading the set-off. That general statements of this character should be disregarded by the court, is too well settled by repeated decisions to require further comment.

3. There was nothing in the ground alleging that the judgment was obtained by perjury, and that the perjurer had been indicted. To make this ground available, there should have been a conviction of the offender, and it should appear that the judgment could not have been obtained without his evidence. Code, §3591; 25 *Ga.*, 671; 30 *Ib.*, 300.

4. There is nothing in the ground that the levy was made by a constable outside of the district that rendered the judgment, and outside of the county of the defendant's residence, when it was apparent that the property levied upon was found in the bailiwick of the officer making the levy; nor was it necessary that the *fi. fa.* should have been backed by a magistrate of the county of the defendant's residence, to authorize the levy made in this case. Code, §4167.

5. A town marshal may be a bailiff. There is nothing incompatible or inconsistent in the same person exercising the powers and duties of both offices. Constables are prohibited from being sheriffs or sheriffs' deputies; nor can they be clerks of superior courts; nor can those officers be constables. Code, §470.

Judgment affirmed.