## TYNER *vs.* SLAPPEY.

[Jackson, C. J., not presiding, on account of providential cause.]

If the relation of landlord and tenant existed at the date when an obligation for rent was incurred, the fact that such relation ceased before the landlord proceeded to enforce his claim by distress warrant, would not affect his right so to do, or render such proceeding illegal.

Judgment affirmed.

October 2, 1884.

BLANDFORD, Justice.

[Slappey sued out a distress warrant against Tyner. The latter defended, on the ground that the relation of landlord and tenant had ceased to exist before the warrant was sued out. From an adverse ruling in the superior court, he excepted.]

---

## JOHNSON *et al. vs.* WALLACE.

A bill alleged as follows: Complainant sold a horse to one who cultivated land as a tenant, and took a note payable in lint cotton on or before the 15th day of the succeeding October. The note stated that it was "due next to land rent, agreed to by" the landlord. This was witnessed by the landlord. The tenant made more on the land than the rent, and paid all of the cotton so raised to the landlord. The tenant is insolvent:

*Held*, that there is equity in the bill, and a demurrer thereto was properly overruled.

BLANDFORD, J., dissenting.

Judgment affirmed.

December 21, 1884.

BLANDFORD, Justice.

[To the report contained in the head-note, it is only necessary to add that the object of the bill was to require the landlord to deliver the cotton received by her, in excess of the payment of rent, or to pay its value, to be applied to the settlement of complainant's claim.]