MUNRO, surviving partner, *vs.* MOODY & FRY.

1. There was sufficient evidence to sustain the verdict, and there was no abuse of discretion in refusing to set it aside on the ground that it was contrary to law and evidence.
2. Where it is sought to set aside a verdict on the ground that it was rendered in consequence of corrupt and wilful perjury, it should appear that the person charged with the perjury has been thereof duly convicted, and that the verdict could not have been obtained without the evidence of such perjured person. Neither of these conditions exists in this case.
3. A witness on the trial having testified as to the point on which the newly discovered testimony bore, such newly discovered testimony, which was merely cumulative as to what such witness swore, or tended to impeach the statements of another witness, did not require a new trial.

February 26, 1887.

New Trial. Perjury. Evidence. Before Judge BOWER. Decatur Superior Court. May Term, 1886.

Reported in the decision.

DONALDSON & HAWES, for plaintiff in error.

MASTON O'NEAL; O. G. GURLEY, for defendants.

HALL, Justice.

Moody & Fry sued Munro, as surviving partner of Munro, Clary & Co., to recover the value of a raft of timber which the plaintiffs alleged belonged to them, and which they had sold to the defendants, to be paid for when it should be delivered at Apalachicola. The defendants also had other timber, which they had themselves cut and prepared from the forest, and which they contended formed this raft. The issue submitted was as to the identity of this timber; and upon that point the evidence was conflicting. The jury found that it was the plaintiffs' timber, and a motion was made for a new trial on various grounds, and was overruled; whereupon the defendant prosecuted this writ of error to reverse the judgment rendered on that motion.

1. There was sufficient evidence to sustain the finding, and the judge does not seem to have exercised his discretion improperly in refusing the motion upon these grounds.

2. One Bussey was sworn as a witness for the plaintiffs in the case, and a motion was made for a new trial on the ground that Bussey was in the Georgia penitentiary at the time the raft in question was carried from Baconton to Bainbridge, and thence to Apalachicola, and therefore. could not have been engaged as one of the hands who carried it down the river. They alleged that they discovered this fact after the trial was over, and introduced affidavits to show that Bussey was in prison during the time covered by this transaction. They allege that the verdict was procured by the "perjured evidence" of this witness, and for that reason should be set aside. But we think that, without his evidence, there was enough in the proof made by the other witnesses to sustain the finding. By the code, §3591, where a verdict has been obtained, it may be set aside and held to be of no effect if it appears that it was rendered in consequence of corrupt and wilful perjury; but this can only be done where the person charged with the perjury shall have been thereof duly convicted, and

where it shall appear to the court that the verdict could not have been obtained without the evidence of such perjured person. *Richardson vs. Roberts*, 25 *Ga.* 671; *Sketoe vs. Griffin*, 30 *Ga.* 300. Neither of the conditions upon which this verdict could be set aside exists in this case. Bussey has not been duly convicted of the alleged perjury, and the verdict, as we have seen, could have been obtained without his evidence.

3. It appears, from the testimony of one witness sworn in the case, that Bussey was in the chain-gang during the transportation of this timber from Baconton and Bainbridge to its destination. The evidence was, therefore, merely cumulative, and could have been introduced solely for the purpose of impeaching the witness. Either one of these facts would have been unavailing to set aside the verdict on the ground of newly discovered evidence. There was no other ground seriously insisted on or urged in the argument of counsel in this case.

Judgment affirmed.