ATLANTA, KNOXVILLE AND NORTHERN RAILWAY
COMPANY *v.* McHAN.

An action for the use and occupation of land does not lie in favor of the owner thereof against one who entered "without the consent of the plaintiff and without any authority whatever or right to the said use."

Argued March 14, — Decided April 10, 1900.

Action for the use and occupation of land. Before Judge Gober. Pickens superior court. April term, 1899.

*Alexander & Victor Smith* and *J. W. Henley,* for plaintiff in error.    *W. T. Day* and *C. D. Phillips,* contra.

LUMPKIN, P. J.    An action was brought by A. McHan against the railway company for the use and occupation of a described strip of land for the years 1895, 1896, 1897, and 1898. The plaintiff alleged in his petition that the defendant company had operated its line of railway over the land in question, "without the consent of the plaintiff, and without any authority whatever or right to the said use." By amendment the plaintiff further alleged: "That the Marietta & North Georgia Railroad Company, defendant's predecessor in use, was granted by plaintiff simply the right to possess and enjoy the use of said described real estate at the will of plaintiff's testator ( ?), and that at the expiration of said use defendant's predecessor agreed to pay a reasonable compensation therefor and for all damages done to the premises in its use. That defendant's predecessor accepted the same on the terms aforesaid. That at the time defendant went into possession of said land, it had full notice of plaintiff's title and of its predecessor's use and the character thereof." To this petition as amended the defendant company filed a general demurrer, which was overruled, and it excepted.

Under the allegations of the petition as originally framed, the railway company was a trespasser, pure and simple; and this being so, the plaintiff could not maintain against it an action for the use and occupation of the premises as upon an implied promise to pay rent. *Allen* v. *Railroad Co.,* 107 *Ga.* 838. The amendment did not help the case. As will have been seen, this amendment merely alleged that the defendant's predecessor in use, the Marietta & North Georgia Railroad Company, was the tenant at will of the plaintiff; that it had expressly agreed to pay reasonable compensation for the use of the property, and that the defendant went into possession with full notice of these facts. Nothing in the amendment in any manner qualifies or negatives the averment in the petition that the defendant entered into possession without the plaintiff's consent and without shadow of right. Certainly, then, no contractual relation between the plaintiff and the defendant was specifically alleged; and, in view of the averment just referred to, there is no ground

for even an inference that the Atlanta, Knoxville & Northern Railway Company in any way succeeded to any right of its predecessor to use or occupy the premises in dispute. Indeed, the defendant company could have acquired no right, as against the plaintiff, by reason of the fact that it was the legal successor of the Marietta & North Georgia Railroad Company; for that company, being only a tenant at will, had no estate in the plaintiff's land which was the subject-matter of assignment or of judicial sale, and accordingly its rights in the premises did not pass to its successor, but immediately ceased and determined when it relinquished possession. So, taking the petition and amendment together, it still remains that, relatively to the plaintiff, the defendant company was nothing but a trespasser, and the relation of landlord and tenant, which is the necessary foundation of an action like the present, could not have existed between the plaintiff and that company. Further comment is unnecessary, for this case is controlled by section 3116 of the Civil Code, which provides that: "When title is shown in the plaintiff and occupation by the defendant, an obligation to pay rent is generally implied; but if the entry was not under the plaintiff, or if possession.is adverse to him, no such implication arises." *Judgment reversed. All the Justices concurring.*