HANCOCK *v.* BOGGUS.

LITTLE, J. 1. In order to maintain a distress warrant against a counter-affidavit denying that the sum distrained for is due, it must be shown that the relation of landlord and tenant existed between the parties. Civil Code, §3124. See also *Tyner* v. *Slappey*, 74 *Ga.* 364.

2. When it is shown that a landowner entered into a contract with another person, by the terms of which the owner was to furnish the land, stock, tools, and supplies to make a crop, and the other person was to do the work and receive a part of the crop so made, the legal relation which existed between them was that of landlord and cropper. *Appling* v. *Mercier*, 46 *Ga.* 583 ; Civil Code, § 3131.

.3. When, pending the planting and cultivation of a crop, the land was seized and sold under execution against the landlord, the purchaser relying on an agreement made with the landlord that the persons cultivating the land should pay to such purchaser the amount originally agreed to be paid to the landlord, a distress warrant does not lie in favor of the purchaser for the value of the share of the crop which the landlord contracted to receive. In such a case, the purchaser acquired simply the interest of the landlord, in whose favor a distress warrant could not have been maintained. *Dollar* v. *Roddenbery*, 97 *Ga.* 148.

4. When in a trial in the justice's court the above-stated facts appeared, a verdict for the defendant was right, and the judge of the superior court did not err in overruling a certiorari sued out to set aside such verdict.

*Judgment affirmed. All the Justices concurring.*

Submitted July 23, — Decided August 9, 1900.

Distress warrant — certiorari. Before Judge Russell. Jackson superior court. November term, 1899.

*W. W. Stark*, for plaintiff. *Pike & Ayers*, for defendant.