### 1428.    HEARN *v.* HUFF

The relation of landlord and tenant, either by express contract or by legal implication, is an essential basis of a distress warrant. Therefore, where the undisputed evidence affirmatively shows that this relation did not exist, a judgment for rent was unauthorized.

Certiorari, from Bibb superior court—Judge Felton.    May 26, 1908.

Submitted December 9, 1908.—Decided April 15, 1909.

*John R. L. Smith,* for plaintiff in error.

HILL, C. J.    The questions in this case arise on a distress warrant sued out by Huff against Hearn. The affidavit for the warrant contained the statement by Huff that Hearn "is justly indebted to him in the sum of $22.50, for rent of lands in the county of Bibb, and that said rent is now due and unpaid." Attached to this affidavit is a bill of particulars, stating that Hearn was indebted to Huff "for trespassing upon, using, and occupying and cultivating two lots of land in Vineville." When the case was called for trial in the justice's court, Huff amended by alleging that he brought the suit for the rent "as agent and for the use and benefit of the receiver of the Federal Court in the case of Bidwell et al. *v.* Huff et al." Hearn filed a counter-affidavit. On the trial Huff testified in substance as follows: The amount I claim is for using and occupying two lots of land, one for two years and a half, and one for three years. $27.50 is the reasonable rental value of the land for that time. I never did rent the land to Mr. Hearn, or consent to his using or occupying it, but his doing so was without my consent, over my objection and protest. During all the time he occupied and used it, it was in the hands of a receiver of the United States court appointed in the case of Bidwell et al *v.* Huff

et al. Mr. Clem P. Steed was the receiver. I was acting for the receiver in looking after this and other land during the receivership and during the time Mr. Hearn used and occupied this land. Mr. Hearn went to see Mr. Steed about renting this land. Mr. Steed refused to have anything to do with him. He said he did not like his face, and referred him to me. I refused to let him have the land, and, in order to prevent him from occupying it, I placed a wire fence around it. M. Hearn went and cut the wire fence and used and occupied it anyhow. Since Mr. Steed died, Mallary and Cone have been appointed receivers of the property in his place, but I have not been agent for them.—Hearn testified that he did not see, apply to, or negotiate with Steed, the receiver, about the land in question. The jury found a verdict for the plaintiff, and the defendant filed a petition to the superior court for a writ of certiorari, and the writ was granted. On the hearing the superior court overruled the certiorari, and held that there was no question of fact involved, and entered final judgment for the amount of the verdict, in favor of Huff and against Hearn and his bondsman, with interest and cost. The specific assignments of error made in the petition for certiorari will be sufficiently indicated hereinafter.

The essential basis upon which the right to a distress warrant arises is the existence of the contractual relation of landlord and tenant. Such relation must exist either by express or by implied contract. Section 3116 of the Civil Code provides that "When title is shown in the plaintiff and occupation by the defendant, an obligation to pay rent is generally implied; but if the entry was not under the plaintiff, or if possession is adverse to him, no such implication arises." The case of *A., K. & N. Ry. Co.* v. *McHan*, 110 *Ga.* 543 (35 S. E. 634), was an action for use and occupation of land of the plaintiff by the defendant, "without the consent of the plaintiff and without any authority whatever or right to the said use." The court says: "Under the allegations of the petition, . . the railway company was a trespasser, pure and simple; and this being so, the plaintiff could not maintain against it an action for the use and occupation of the premises as upon an implied promise to pay rent." And in *Allen* v. *Macon & Dublin R. Co.*, 107 *Ga.* 849 (33 S. E. 700), the court says: "The relation

of landlord and tenant must exist between the parties; for by virtue of that relation alone can one of them be said to have contracted with the other to pay rent. In no sense is a trespasser the tenant of the owner of land tortiously entered and held adversely to him; and, however guilty of wrong-doing such trespasser may be, it is doubtful whether any court could be persuaded to go so far as to punish him to the extent of making him become the tenant of one with regard to whom he had at least acted consistently in refusing to recognize him as a landlord." In the instant case, according to the plaintiff's own testimony, not only had the defendant refused to recognize him as his landlord, but the plaintiff had absolutely refused to recognize the defendant as his tenant, had objected to and protested against his use and occupancy of the land in question, and had erected a wire fence for the purpose of keeping the defendant out. "The fundamental basis of [a distress warrant] is that the relation of landlord and tenant shall exist. Rent must be due. This can only be by contract, express or implied. An adverse holder of the land can not be due rent." *Cohen* v. *Broughton,* 54 *Ga.* 298; and further on in the case just cited, the court says, alluding to a distress warrant, that "the writ is a harsh one, and it has always been restricted to the case of a tenant by contract, and has never . . been extended to one holding adversely." It being, therefore, well settled that the relation of landlord and tenant is essential to the maintenance of a distress warrant, it follows that any fact which precludes the existence of such contract, express or implied, prevents the maintenance of this remedy. Civil Code, §§3124, 3115; *Sims* v. *Price,* 123 *Ga.* 97 (50 S. E. 961); *Lathrop* v. *Standard Oil Co.,* 83 *Ga.* 307 (9 S. E. 1041); *Cohen* v. *Broughton,* supra. Certainly, it can not be claimed that, under the evidence of the plaintiff, there was any express contract creating the relation of landlord and tenant; and §3116 of the Civil Code, under the facts, expressly negatives the existence of any implied contract creating such relation. According to the plaintiff, the title to the property was not in him, but was in the receiver in the United States court; the entry upon the lands by the defendant was not under him, but was expressly over his objection and protest, and the possession of the defendant was adverse to him as well as to the receiver; in other words, relatively to the plaintiff and to the receiver, the defendant was noth-

ing but a trespasser, and the relation of landlord and tenant, therefore, could not, under the law, have existed between him and the defendant, or between the defendant and the receiver, by the express terms of the section of the code just cited. Besides, there was no evidence of any agreement fixing the amount of rent, nor any evidence on this subject from which a fixed amount could have been ascertained; and a distress warrant can not be maintained upon a quantum meruit. *Cohen* v. *Broughton,* supra. We are clear that, under the evidence, this case is fully controlled by §3116 of the Civil Code, above quoted, and the decisions of the Supreme Court cited in this opinion; and we therefore conclude that the judgment of the superior court, in overruling the certiorari and in entering a final judgment against the defendant, was erroneous.                    *Judgment reversed.*