## 10002.   VICKERS *v.* ROBINSON *et al.*

LUKE, J. "The relation of landlord and tenant, either by express contract or by legal implication, is an essential basis of a distress warrant." *Hearn* v. *Huff,* 6 *Ga. App.* 56 (64 S. E. 298). Where, therefore, a counter-affidavit denies in terms of the statute that the sum distrained for is due and specially denies that the relation of landlord and tenant exists, it sets up a sufficient defense to the proceeding by distress warrant. But where, as in this case, the distress warrant is returnable to a court without jurisdiction to grant affirmative equitable relief, and, by way of denying the relation of landlord and tenant, the counter-affidavit further sets up the full terms of the alleged contract of purchase, and the defendants specially pray "that the court will enforce their said contract of purchase against the said plaintiff in distress warrant and that a verdict of the jury and a decree of the court may be framed in the premises, providing for and requiring said plaintiff in said distress warrant to stand to, abide by, and carry out the said contract of sale of the aforesaid described tract of land to these de-

fendants in distress warrant," it is error to overrule a timely motion by the plaintiff to strike this prayer, on the ground that it seeks relief beyond the jurisdiction of the trial court to grant. *Butler* v. *Holmes*, 128 *Ga.* 333 (57 S. E. 715).

2. The error pointed out above renders all subsequent proceedings in the trial court nugatory.

> *Judgment reversed. Wade, C. J., and Jenkins, J., concur.*
> DECIDED JULY 17, 1919.

Distraint; from city court of Wrightsville—Judge Blount. July 6, 1918.

*A. L. Hatcher, B. H. Moye, B. T. Rawlings,* for plaintiff in error.

*E. L. Stephens,* contra.