### 17802.   FINN v. REESE et al.

Under the facts of this case, in which it appeared that a bill of sale of
crops grown in 1926 was executed by the maker of the crops, who had
in 1916 executed to another a security deed to the land, and that in
1926 the land was sold under a power of sale contained in the security
deed, and the crops were sold under a common-law fi. fa. and, on a
money rule, the fund arising from the sale of the crops was contested
for by the holder of the bill of sale, who had foreclosed it as a mort-
gage, and also by the purchaser of the land under the power of sale
in the security deed, who had distrained for rent of the land, the court
did not err in awarding the fund to the plaintiff in the mortgage fi. fa.
The distraint was abortive, the defendant not being tenant of the plain-
tiff therein.
The plaintiff in the mortgage fi. fa. did not, by executing, for the purpose
of levy and sale, an escrow deed to the crops, estop himself from fore-
closing his bill of sale as a mortgage.

DECIDED MARCH 8, 1927.

Money rule; from Laurens superior court—Judge Camp.   Octo-
ber 16, 1926.

*M. H. Blackshear,* for plaintiff in error.

*William Brunson, Burch & Daley, L. F. Watson,* contra.

LUKE, J.   W. S. Reese filed a petition asking that J. M. Finn,
Hadden & Company, and L. F. Watson, sheriff, show cause why
the court should not issue a money-rule to distribute $105 realized
from the sale on September 2, 1926, of 65 acres of cotton and 45
acres of corn, all on the stalk and in the field, and 1,800 pounds
of picked cotton, levied on as the property of Mrs. Z. E. McLendon
and J. M. McLendon under a senior common-law execution in fa-
vor of Hadden & Company.   The petition alleged that Reese was
claiming the fund under a bill of sale covering the said property,
and under a mortgage fi. fa., and that J. M. Finn was claiming
under a distress-warrant which had been placed in the hands of
the sheriff with instructions to hold up the funds, and that the
petitioner was entitled to the money.

The court, by consent, tried the case without a jury.   The evi-
dence was substantially as follows:   In 1918 Mrs. Zenobia McLen-
don (hereinafter called Mrs. McLendon) executed to a corporation
a security deed to lot of land 136 in Laurens county, Georgia.
Mrs. McLendon and J. M. McLendon occupied the land and culti-
vated the crops thereon during the year 1926, "and since purchase
of same by J. M. Finn."   On April 21, 1926, Mrs. McLendon exe-

Landlord and Tenant, 35 C. J. p. 953, n. 33; p. 963, n. 27; p. 969,
n. 56; 36 C. J. p. 536, n. 59.

cuted to W. S. Reese a bill of sale (recorded June 11, 1926) to all crops grown that year on said lot 136 to secure the price of fertilizers furnished by Reese to make the said crops. On October 6, 1926, the bill of sale was foreclosed as a mortgage and a fi. fa. was issued thereon. On the same day W. S. Reese executed to Mrs. McLendon an escrow deed to the said crops, for the purpose of levy and sale. On July 8, 1926, said lot 136 was sold to J. M. Finn under the power of sale contained in the security deed from Mrs. McLendon to said corporation. On September 17, 1926, J. M. Finn foreclosed a distress warrant for the rent of said lot 136 for the year 1926, and procured an execution against J. M. McLendon and Mrs. McLendon. The court adjudged that the funds in the hands of the sheriff, less costs of court, be paid to W. S. Reese. Finn excepted.

The controlling issue in the case is whether or not Finn's claim of a landlord's lien under the distress warrant proceeding is superior to Reese's claim under bill of sale. Though no counter-affidavit was interposed to that proceeding, Reese had the right to show, under the money rule, if he could, that the distress warrant was abortive, for the reason that there was no relationship of landlord and tenant between the parties. *Smith* v. *McPherson,* 78 *Ga.* 84. Under the evidence this case will be considered just as though the name of J. M. McLendon never appeared in it. "The relation of landlord and tenant, either by express contract or by legal implication, is an essential basis of a distress warrant." *Hearn* v. *Huff,* 6 *Ga. App.* 56 (64 S. E. 298). The evidence discloses no express contract of renting, but it is contended that one is implied. "When title is shown in the plaintiff and occupation by the defendant, an obligation to pay rent is generally implied; but if the entry was not under the plaintiff, or if possession is adverse to him, no such implication arises." Civil Code (1910), § 3692. "One who makes to a creditor for the purpose of securing a debt, a deed to land, but retains possession of the land, does not thereby become the 'tenant' either of such creditor or of his vendee." *Ray* v. *Boyd,* 96 *Ga.* 808 (22 S. E. 916). Indeed, after default on March 1, 1926, in payment of the debt secured by the security deed, Mrs. McLendon was not the tenant of the grantee or of Finn, and Finn had no ground for a distress warrant against her for rent. *Stevens* v. *McCurdy,* 124 *Ga.* 456 (52 S. E. 762).

What, then, was Finn's status after his purchase of lot 126 on July 8, 1926, under the power of sale in the security deed? Since the security deed under which he purchased antedated by several years the act of August 21, 1922, which declared all crops, matured or unmatured, to be personalty, Finn's rights to the crops in question were the same as they were prior to that act; and crops, whether mature or immature, prior to that act, were parts of the realty and passed by a sale of the land, in the absence of contractual reservation of the crops. *Chason* v. *O'Neal,* 158 *Ga.* 725 (3) (124 S. E. 519); *Virginia-Carolina Chemical Co.* v. *Floyd,* 159 *Ga.* 311, 555 (125 S. E. 709, 126 S. E. 378). Finn is not claiming under a proceeding grounded upon his title to the crops in question, but, on the contrary, predicates his right to have the funds upon an alleged lien, which in turn rests squarely upon the contrary theory that not he, but others, owned the crops. Under the pleading and the facts in this case, we hold that the relationship of landlord and tenant did not exist between Mrs. McLendon and Finn, that the latter had no lien to invoke as a basis for his distress warrant, that the distraint proceeding was abortive, and that the court did not err in overruling the motion for a new trial.

2. But Finn insists that Reese estopped himself from foreclosing his bill of sale as a mortgage, by executing to Mrs. McLendon, for the purpose of levy and sale, an escrow deed to the said crops. The record in this regard is as follows: Reese introduced in evidence "an escrow deed from W. S. Reese to Mrs. Z. E. McLendon, dated October 6, 1926, and recorded in the clerk's office . . October 7, 1926, which escrow deed was filed and recorded prior to the levy of mortgage fi. fa." The deed itself sets out that it was made under section 6037 of the Civil Code of 1910, for the purpose of levy and sale, and for no other purpose. It takes no citation of authority to show that the evidence in this case is entirely insufficient to estop Reese from foreclosing his bill of sale as a mortgage.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*