STEPHENS *v.* PICKERING.

No. 13726.   May 16, 1941.

*Charles A. Pannell,* for plaintiff.    *W. B. Robinson,* for defendant.

GRICE, Justice.    Only the ruling in the fifth headnote will be discussed.    Complainant's insistence is that if Pickering had sworn the truth, a verdict contrary to that which was directed would have been demanded.    The basis of this contention is that as a matter of fact Pickering did own the personal property left by Bryan &

Company on the premises owned by Stephens, as shown by the allegations and exhibits, notwithstanding his testimony delivered at the trial; and hence that, having shown title in the plaintiff and occupation by the defendant, an obligation to pay rent was implied. Code, § 61-103. The unsound plank in the foundation which is otherwise laid in the cited section is found in its concluding sentence. The entire section, with the sentence referred to italicized, is as follows: "When title is shown in the plaintiff and occupation by the defendant, an obligation to pay rent is generally implied; *but if the entry was not under the plaintiff, or if possession is adverse to him, no such implication arises."* (Italics ours.)

Originally Stephens sued out a distress warrant against Pickering. A counter-affidavit was filed, denying, among other things, that the relation of landlord and tenant existed between the parties. The record shows that at the conclusion of the testimony the court directed a verdict against the plaintiff. In the present proceeding, a copy of the entire evidence adduced at that trial was attached to the petition. It appears therefrom that there was no evidence that Pickering entered the premises under the plaintiff. On the contrary it is affirmatively shown that on the trial, when Stephens was on the stand, the court asked him this question: "Did you make any trade to rent this to Mr. Pickering?" The answer was, "No, I didn't. I rented it to C. M. Bryant." Thus it will be seen that the entry of Pickering—if indeed merely purchasing from the tenant, during the latter's occupancy, machinery left on the rented premises after the tenant vacated could be called an entry—was not under the plaintiff, and hence the provisions of section 61-103 are not applicable. It has often been ruled by this court and the Court of Appeals that in order to maintain a distress warrant the relation of landlord and tenant must exist. Indeed, before the establishment of this court, the judges in convention in the year 1832, in the case of *Hale* v. *Burton, Dudley's Reports,* 105, held that distress for rent is a remedy which none but a landlord can have. The ruling in *Hale* v. *Burton,* has been constantly followed. See *Williams* v. *Hollis,* 19 *Ga.* 313; *Jackson* v. *Mowry,* 30 *Ga.* 143; *Littleton* v. *Wynn,* 31 *Ga.* 583; *Smith* v. *Turnley,* 44 *Ga.* 247; *Cohen* v. *Broughton,* 54 *Ga.* 296; *Lathrop* v. *Standard Oil Co.,* 83 *Ga.* 307 (9 S. E. 1041); *Hancock* v. *Boggus,* 111 *Ga.* 884 (36 S. E. 970); *Sims* v. *Price,* 123 *Ga.* 97 (50 S. E. 961); *Hearn* v.

*Huff,* 6 *Ga. App.* 56 (64 S. E. 298) ; *Finn* v. *Reese,* 36 *Ga. App.* 591 (137 S. E. 574) ; *Cleveland* v. *Watson,* 51 *Ga. App.* 37 (179 S. E. 586). The relation of landlord and tenant exists where the owner of real estate grants to another person simply the right to possess and enjoy the use of such real estate, either for a fixed time or at the will of the grantor, and the tenant accepts the grant. Code, § 61-101. We have nothing of that kind here. According to the plaintiff's own contentions, he was not entitled to prevail on the distress warrant, even if it be true that the defendant swore falsely, and that the truth is that he owned the machinery that was left on premises owned by the plaintiff. The ownership was immaterial on the issue being tried. That Pickering may have let remain on the premises owned by Stephens, and which Stephens had rented to Bryan, certain machinery which Pickering purchased from Bryan, would give Stephens no right to maintain a distress warrant against Pickering. It follows that regardless of other reasons that may exist, as pointed out in the demurrer, the judge was right in sustaining it, because, assuming every contention of fact to be in his favor, Stephens should not be allowed to vacate and set aside a verdict and judgment because of the falsity of a parcel of the testimony, when, even admitting its falsity, the plaintiff has made it affirmatively to appear that under the evidence he has no just cause to complain of the verdict and judgment in the original case.

*Judgment affirmed. All the Justices concur.*