### 37655. HARRIS *v.* THE STATE.

TOWNSEND, Judge. The defendant was tried in the Superior Court of Fulton County for murder and convicted of voluntary manslaughter. The defendant filed a motion for new trial on the general grounds which was later amended by the addition of two special grounds, and the denial of this motion is assigned as error.

1. Special ground 1 contends that the trial court erred in charging Code § 26-1014. In this connection there was some evidence of mutual combat. In addition to this section the court charged in full on the theories of justifiable homicide and killing in self-defense under the fears of a reasonable man. In connection with the charge defining voluntary manslaughter he also charged on mutual combat. He thereafter charged Code § 26-1014, and immediately thereafter instructed the jury: "This section of the Code . . . applies where there was mutual intent to fight or a mutual combat, and it does not limit or qualify in any way the defense of justifiable homicide in self-defense, or in defense of person . . . nor does it limit or qualify in any way the defense of justifiable homicide where the circumstances were sufficient to excite the fears of a reasonable man . . . but this section sets up a separate and distinct defense, applicable only in cases of mutual combat, and as to whether it applies in this case

is for you to determine from the evidence." The charge was full and clear. It was applicable because there was testimony of mutual combat, both on the occasion in question and on former occasions. It was applicable in every respect, and there could be no chance that under these instructions the jury would misapply it to the defense that the defendant, acting without fault and under the fears of a reasonable man, was justified.

This Code section is applicable only where there is evidence of mutual combat. *Jones* v. *State,* 172 *Ga.* 500 (3) (158 S. E. 44). This assignment of error is without merit.

2. Ground 2 is predicated on Code § 110-706 and contends that the defendant was convicted on the testimony of a witness who testified for the State and who has since been convicted of perjury growing out of this testimony. Attached to this ground is a copy of the indictment of the witness, her testimony, and her conviction. It appears without question that her testimony related to vital issues in this defendant's case and may well have constituted the turning point in the minds of the jurors bringing about his conviction. However, there is ample evidence in the record entirely independent of her testimony sufficient to support the verdict. Code § 110-706 providing for the setting aside of verdicts obtained by perjury does not apply, under its terms, "unless it shall appear to the said court that the said verdict . . . could not have been obtained and entered up without the evidence of such perjured person." See also in this connection *Richardson* v. *Roberts,* 25 *Ga.* 671; *Munro* v. *Moody & Fry,* 78 *Ga.* 127 (2) (2 S. E. 688); *Stephens* v. *Pickering,* 192 *Ga.* 199 (3) (15 S. E. 2d 202); *Day* v. *Day,* 210 *Ga.* 454 (1) (81 S. E. 2d 6). In this case, it appearing that the verdict could have been obtained without the evidence of the perjured witness, this court is without power to reverse the trial court who denied the motion for new trial.

3. There being ample evidence to support the verdict and neither of the special grounds being meritorious, the judgment denying the motion for new trial is without error.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED JUNE 1, 1959—REHEARING DENIED JUNE 18, 1959.

*Wendell C. Lindsey,* for plaintiff in error.

*Paul Webb, Solicitor-General, Carter Goode, Eugene L. Tiller,* contra.