39659. CHANDLER v. CHANDLER.

Decided December 3, 1962—
Rehearing denied December 17, 1962.

*Roberts & Thornton, Jack M. Thornton,* for plaintiff in error.
*Ray, Owens & Keil, J. Walter Owens, Joseph S. Ray, Kelly, Champion & Henson, Forrest L. Champion, Jr.,* contra.

BELL, Judge. The amended petition shows on its face that the fraud alleged to have been committed by the defendant was intrinsic, not extrinsic or collateral, to the issue in the trial for alimony and child support and to the judgment rendered thereunder. The judgment rendered in favor of the defendant ordered the plaintiff to pay $25 per month to support the child *until she marries.* This constituted an adjudication that the child was not married on the day of the judgment. Admittedly, under the facts of the present petition, this judgment was obtained by fraud since the defendant knew that the child had been married for more than 13 months prior to the time of the trial of the

action for alimony and child support, but she falsely testified that the child was then unmarried.

"A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside." Code § 110-501. By a seemingly harsh, unreasonable and antiquated statute, it is the law in our State that where a judgment is obtained by perjury, it cannot be set aside unless the person charged with such perjury shall first have been tried and convicted of this crime. Code § 110-706. See also Stephens v. Pickering, 192 Ga. 199 (2) (15 SE2d 202); and Munro v. Moody & Fry, 78 Ga. 127 (2) (2 SE 688). Because of this archaic statute, dating from 1833, and the decisions which it has compelled our courts to make, the plaintiff here cannot maintain his action for fraud unless the perjurer has been duly convicted of the crime, and the prior judgment set aside. Neither of these conditions precedent has occurred in this case.

Furthermore, a proceeding on a judgment procured by perjury cannot be arrested by an affidavit of illegality without proof of the conviction of the perjurer, and that the judgment could not have been obtained without his evidence. Lewis v. Wall, 70 Ga. 646, 649. Cf. Restatement—Restitution, § 72, p. 293 and Illustration (1) to Comment c. (1937).

For the foregoing reasons, as both counts 1 and 2 of the petition seek to recover damages for the action of the defendant in defrauding the plaintiff without having first met the requirements of the above statute, the petition does not state a cause of action which the courts may consider. Accordingly the trial court properly sustained the general demurrer to the petition.

*Judgment affirmed. Felton, C. J., and Hall, J., concur.*